### KLEINOW v. KLEINOW.

LAND CONTRACTS—EVIDENCE—SPECIFIC PERFORMANCE.

A parol contract to convey land is *held* to have been sufficiently established by evidence of the statements of the vendor, and the acts and conduct of the parties, to warrant a decree for specific performance.

Appeal from Wayne; Carpenter, J. Submitted January 8, 1901. Decided April 25, 1901.

Bill by Otto Kleinow, William Kleinow, Frederick Kleinow, Jr., Otto F. Spiegel, William Spiegel, Louise Spiegel, Anna Kleinow, and Katie Kleinow against Herman Kleinow, Mary Kleinow, and Minna Kleinow for a partition of real estate. Defendant Herman filed an answer in the nature of a cross-bill, praying for the specific performance of a land contract. From a decree granting the prayer of the cross-bill, complainants appeal. Affirmed.

*Ed. E. Kane*, for complainants.

*John G. Hawley*, *William M. Mertz*, and *Morse Rohnert*, for defendant Herman Kleinow.

HOOKER, J. Frederick Kleinow was the ancestor of all the parties, both complainant and defendant, except four. One of these, Minna Kleinow, was his widow while Kate was the wife of Frederick Kleinow, Jr., Anna the wife of Otto Kleinow, and Mary the wife of Herman. All joined in the original bill for a partition of property left by Frederick, except Herman, Mary, and Minna, who were made defendants. Mary and Minna answered, and Herman filed an answer in the nature of a cross-bill, in which he alleged that he entered into possession of a certain parcel of about 31 acres under a contract of purchase made with his father, in consideration of various services, past and prospective, performed and thereafter to be performed by him, and a promise to pay to his father annually $70 during the lifetime of his father; alleging performance upon his part, that he had made large improvements in reliance upon said contract, and praying a decree for specific performance. The learned circuit judge sustained the claim made by this answer, and made a decree for specific performance. The complainants have appealed, and counsel seem to agree that the only question

before us is whether defendant Herman Kleinow is entitled to specific performance.

Defendant's claim is supported mainly by alleged statements of Frederick, the father, and the acts and conduct of the parties. No witness to the alleged contract is produced; Frederick being dead, and defendant having been treated as disqualified by the statute. He was a witness, but testimony upon this point was objected to, and not given by him. The conduct of the parties, and the statements of Frederick to his intimate friends, convince us of the truth of Herman's claim, and in our opinion justify the decree of the trial court, which is therefore affirmed, with costs against the complainants personally, and not against the estate.

The other Justices concurred.