MAAS *v.* ANCHOR FIRE-INSURANCE CO. OF CINCINNATI, OHIO.

1. FIRE INSURANCE—ACTION ON POLICY—PLEADING—ISSUES—MISREPRESENTATION OF PLAINTIFF.

In an action on a fire-insurance policy, defendant cannot rely upon a breach of representation as to the title to the property, where notice of intention so to do is not given by notice attached to the plea, as required by Circuit Court Rule No. 7, subd. *b.*

2. GIFTS—PAROL GIFT OF LAND—TITLE OF DONEE.

A parol gift of land, followed by possession and improvements, makes the donee the equitable owner.

3. FIRE INSURANCE— OWNERSHIP OF PROPERTY BY INSURED — EQUITABLE TITLE.

Equitable title to land, based on a parol gift, followed by possession and improvements, is a sufficient compliance with a representation of absolute ownership to validate a fire-insurance policy which provides that it shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple.

4. SAME—FORFEITURE OF POLICY—OCCUPANCY OF BUILDING.

Where, in an action on a fire-insurance policy, the evidence showed that the insured and her family occupied the burned house and another at the same time, spending a part of their time in each, and that the burned house was furnished for occupancy and actually occupied by a member of the family at the time it was burned, the question whether the house was occupied by the insured as her home at the time of the fire was for the jury.

Error to Menominee; Stone, J. Submitted April 10, 1907. (Docket No. 45.) Decided May 18, 1907.

Assumpsit by Augusta Maas against the Anchor Fire-Insurance Company of Cincinnati, Ohio, on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Mills & Cain,* for appellant.

*Michael J. Doyle,* for appellee.

CARPENTER, J.    September 7, 1904, defendant issued to plaintiff a policy insuring against loss by fire a certain dwelling house situated on the west shore of Green Bay, about 10 miles distant from the city of Menominee.   The house burned November 16, 1904, and this suit is brought to recover for the loss.

Plaintiff obtained a verdict and judgment in the trial court.   Defendant asks us to reverse that judgment upon three grounds.   One of those grounds, viz., that the deed of the land upon which the house stood was not in plaintiff's name, is based upon a breach of a representation contained in the application for said insurance.   Defendant cannot rely upon a breach of such representation, because there was nothing in the notice attached to its plea, as required by Circuit Court Rule No. 7, subd. *d,* to indicate its intention to do so.

There remains for our consideration the contentions of defendant that a verdict should have been directed in its favor upon these two grounds:  (1) That she did not own the land upon which the building stood; (2) that she did not occupy the house as her home.   These contentions will be considered separately.

1. The ownership of the land.   Plaintiff stated in her application for the insurance that she was the absolute owner of the property, and by. its terms the policy was "void   *   *   *   if the subject of insurance be a building on ground not owned by the insured in fee simple."   The facts concerning said ownership are correctly stated by the learned trial judge as follows:

"In the year 1897 Charles Maas, the son of the plaintiff, being the owner of this entire property, gave [by parol] the same   *   *   *   to his mother.   That she immediately went into possession and has made valuable improvements thereon   *   *   *   to the amount of more than a thousand dollars.   That she has continued to own
148 MICH.—28.

and occupy the premises in a general way—I am not speaking of the actual occupancy as a dwelling house, but to own the property—I may say, from that time down to this. She has paid the taxes thereon."

And the trial judge decided that plaintiff—

"Having received this * * * gift, * * * having gone into possession * * * and made these valuable improvements, that the full equitable title was vested in her, * * * and that her son held the legal title as her trustee, and therefore that her answer was correct when she said that she was the owner."

Defendant urges that this conclusion was wrong for two reasons: (a) That the parol gift followed by possession and improvements did not vest in plaintiff the equitable title; (b) that plaintiff's ownership of the equitable title would not comply with the representation and the policy; that these required plaintiff to possess the legal title. These objections are easily answered. (a) That a parol gift of land followed by possession and improvements makes the donee the equitable owner is settled by our own decisions. *Potter* v. *Smith*, 68 Mich. 212. See, also, *Twiss* v. *George*, 33 Mich. 253; *Lamb* v. *Hinman*, 46 Mich. 112; *Welch* v. *Whelpley*, 62 Mich. 15; *Hawkes* v. *Slight*, 110 Wis. 125; *Frame* v. *Frame*, 32 W. Va. 463 (5 L. R. A. 323). (b) That plaintiff's ownership of the equitable title was a compliance with the representations and the agreement in the policy is also settled by our own decisions. *Dupreau* v. *Insurance Co.*, 76 Mich. 615 (5 L. R. A. 671); *Farmers' Mut. Fire-Ins. Co.* v. *Fogelman*, 35 Mich. 481. We therefore overrule the first contention of defendant.

2. We now consider the contention of defendant that the house was at the time of the fire, and had been for 10 days prior thereto, contrary to the provisions of the policy, vacant and unoccupied. Plaintiff contends that she was actually occupying the house at the time of the fire as a dwelling house. This issue of occupancy was submitted to the jury, who found for the plaintiff. Defend-

ant insists that there was no testimony to justify this verdict. The house was situated on a farm which plaintiff and her family themselves cultivated. They had a home in the city of Menominee, at which, I think, it may truly be said plaintiff spent more than one-half of her time. The testimony shows, however, that she and other members of her family were at the farm much of the time, engaged in carrying on farming operations. One witness says they were there "a few days in every week. They slept there and ate there [in the house] during that time." The house was furnished with beds, stoves, chairs, and tables for their accommodation, and plaintiff's husband was in the house at the time the fire occurred. Plaintiff testified that she and her family regarded the house as their home. We think from this evidence that the jury might have inferred, as the learned trial judge decided, that plaintiff was residing in two houses, remaining "part of the time in one and part of the time in the other, and that both might be considered dwelling houses," and that the question of her occupancy was therefore properly submitted to the jury.

The judgment is affirmed.

MCALVAY, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.