BAKKER v. FELLOWS.

1. DRAINS—ESTABLISHMENT—APPLICATION — FREEHOLDERS — LIFE TENANTS.

Under section 8787, 3 Comp. Laws, one who has an estate for life in lands is a freeholder within the meaning of section 4319, 2 Comp. Laws, providing that an application for a drain must be signed by not less than 10 freeholders.

2. LANDLORD AND TENANT — LEASE — VALIDITY — EXECUTION BY LESSEE—NECESSITY.

A lease for life, properly signed and acknowledged by the lessor, containing covenants on the part of the lessee, is valid, though not signed by the lessee, he having taken and retained possession under it. OSTRANDER and MCALVAY, JJ., dissenting.

3. DRAINS—ESTABLISHMENT—APPLICATION—FREEHOLDERS—EQUITABLE OWNERS.

Where a father, after promising to buy his son a farm in O. township, bought land there, taking title in himself, and afterward told the son that it was his (the son's) farm, and the son took and retained possession, cultivating the land, building buildings, and paying the taxes, the son had in equity a right to the premises in fee, and was therefore a freeholder, under section 4319, 2 Comp. Laws, providing that an application for a drain must be signed by not less than 10 freeholders. OSTRANDER and MCALVAY, JJ., dissenting.

4. SAME—OWNERS—EQUITABLE OWNERS.

One who is an equitable owner of land by virtue of part performance of an oral promise to convey, consisting of possession and the making of improvements, is an owner, under section 4319, 2 Comp. Laws, providing that an application for a drain must be signed by five or more owners of lands liable to assessment for benefits. OSTRANDER and MCALVAY, JJ., dissenting.

Error to Ottawa; Padgham, J. Submitted January 23, 1908. (Docket No. 142.) Decided July 1, 1908.

Certiorari by Jacob Bakker and Fred Bakker against

Edwin Fellows, drain commissioner, and Edward P. Kirby, probate judge, to review proceedings for the establishment of a drain. There was judgment for defendants, and plaintiffs bring error. Affirmed.

*Walter I. Lillie* and *Charles H. McBride*, for appellants.

*Smedley & Corwin* and *Corie C. Coburn*, for appellees.

HOOKER, J. This is a cause in which we are asked to review drain proceedings, and we take this opportunity to commend counsel for the exceptionally clear and concise manner in which both record and briefs present the meritorious questions involved.

An application was duly filed with the drain commissioner on February 15, 1907. It appeared to be signed by 10 persons, alleged to be freeholders of the proper township, and it alleged that 5 of these, naming them, were owners of land liable to be assessed for the proposed drain. On March 28, 1907, the commissioner filed his first order of determination, and being unable to obtain the right of way across the premises of the appellants (all others having released), he filed his petition for special commissioners. On June 5, 1907, the appellants filed their objections. They were in brief:

*First*, that the application was not signed by 10 freeholders.

*Second*, that it was not signed by 5 or more owners of lands liable to assessment for benefits.

*Third*, it alleged that one Ann V. Osborne, described in the petition as such freeholder and owner, was not such a freeholder, or a "freeholder at all."

A hearing upon the petitions was had and on July 6, 1907, the probate judge made the usual order appointing commissioners, expressly overruling the objection of appellants. On July 10, 1907, appellants filed with the probate judge a petition for rehearing based upon the further

ground that another of said signers of the petition was not a freeholder, and that the fact was unknown to them at the time of the former determination. A hearing was had upon this application on July 15th, but the probate judge denied it on the grounds that he had no authority to grant such rehearing. On July 23, 1907, the special commissioners filed their report with the probate court, finding it necessary to take appellants' property, and awarding each $1 damage.

On July 24th a final order of determination was made and filed, and on July 31st a written notice of intention to review by certiorari was served on the commissioner by appellants. On August 7, 1907, the affidavit for certiorari was filed and the writ was issued by the circuit court. The drain commissioner made a return on August 19, 1907, simply denying the allegations of the affidavit, and asserting the regularity of all proceedings. On August 23, 1907, a petition was made for a further return, and the probate judge was made a party by order of the court. On the 27th of August, 1907, the probate judge made a return of the proceedings and evidence taken before him, and the commissioner filed a further return.

From these the following facts appear, viz. :

1. Ann V. Osborne's interest in land was confined to such as was conveyed to her by a writing attached to the return whereby several parties, named and described as parties of the first part, in consideration of rents and covenants specified, did let and lease to George Osborne and Ann V. Osborne, his wife, parties of the second part, premises described for the term of the natural life of both said second parties on terms and conditions specified. It expressly stated that the lease should terminate only on the death of both of said second parties.

" Provided, that in case any rent shall be due and unpaid, or if default be made in any of the covenants herein contained, then it shall be lawful for the said parties of the first part, their certain attorney, heirs, representatives and assigns, to re-enter into, repossess the premises, and

the said parties of the second part, and each and every other occupant, to remove and put out.

"And the said parties of the second part do hereby hire the said premises for the term as above mentioned and do covenant and promise to pay to the said parties of the first part, their representatives and assigns, for rent of said premises for said term, the sum of one "Dollars" and other good and valuable consideration paid by said second parties to said first parties, the receipt whereof is hereby acknowledged, the same having been paid in advance before the ensealing and delivering of this lease. Said parties of the second part further covenant that they will not assign nor transfer this lease or sublet said premises or any part thereof without the written assent of said parties of the first part."

This document was signed only by the parties of the first part by whom it was also acknowledged. Nothing indicates that it was not delivered or that Mrs. Osborne was not in exclusive possession under it, as sole owner of the interest intended to be conveyed by it.

2. The commissioner supposed that Arend K. Brouwer was the owner of the premises occupied by him and a freeholder, and he never heard anything to the contrary until the petition for rehearing was filed. He then made inquiries and was informed that said Brouwer's father promised to buy him a farm in Olive township; that he bought this land taking title to himself. Subsequently he told his son that it was his farm, and the son entered into and afterward continued, and was in possession at the time of these proceedings, and in the interval he had occupied and worked the land for several years, built buildings, had it assessed to himself and paid the taxes in every respect as an owner, except that the father had never deeded the land to him.

Upon the hearing, the learned circuit judge was of the opinion that under the proofs Ann V. Osborne was a freeholder, and owner of lands liable to assessment and that—

"Under the showing made in this case as to the question of whether one Arend K. Brouwer was such a freeholder as claimed by plaintiffs, was not a proper subject

or matter for the court's consideration upon the record as presented."

The order of the probate judge was affirmed. The cause is before us by writ of error.

The only questions discussed in appellants' brief are, whether the application for the drain was jurisdictionally defective: *First.* Because Ann V. Osborne was not a freeholder and a landowner. *Second.* Because Brouwer was not a freeholder.

Freeholders. Section 4319, 2 Comp. Laws, provides for an application signed by not less than 10 freeholders of the township, 5 or more of whom shall be owners of lands liable to assessment for benefits. Under our law one who has an estate for life in land is a freeholder. See 3 Comp. Laws, § 8787; *Crouse* v. *Michell*, 130 Mich. 356. It is contended that the instrument in question was a mere unilateral agreement; but we think that, when accepted and possession taken under it, it was a good and valid lease, although not signed by the lessees. Jones on Landlord and Tenant, §§ 75, 77–79. Inasmuch as this was a valid lease for life to Mr. and Mrs. Osborne, she had a freehold estate. The case of Brouwer is different. The claim that he is a freeholder within the statute is that he had, in equity, a right to the premises in fee. We are of the opinion that this is true, under the proof, upon the authority of *Maas* v. *Insurance Co.*, 148 Mich. 434, and *Starkweather* v. *Chatfield*, 149 Mich. 443.

Ownership. The remaining question relates to the title of Mrs. Osborne; counsel for the plaintiffs asserting that, although she may be called a freeholder, she was not an owner of premises liable to assessment for benefits. Inasmuch as we have reached the conclusion that Brouwer was the equitable owner in fee, it becomes unnecessary to consider Mrs. Osborne's ownership; there being 5 owners of land subject to assessment exclusive of her.

It is unnecessary to discuss the question of waiver, but our disposition of the meritorious question regarding

Brouwer's title is not intended to imply that it was seasonably raised.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, MOORE, and CARPENTER, JJ., concurred with HOOKER, J. BLAIR, J., concurred in the result.

OSTRANDER, J. (*dissenting*). I think it doubtful if Mrs. Ann V. Osborne is shown to be a freeholder. This for the reason that it is entirely uncertain whether she has ever assumed the obligations of a life tenant with respect to the land. Rent is reserved in the lease, and is then receipted for. There is no express obligation to pay taxes. The evidence is that she holds a certain instrument, sufficiently described in the opinion of Mr. Justice HOOKER, and is in possession of the land. Admitting that she is a freeholder, it seems to me to be clear that she is not an owner of the land. We may assume that the legislature might employ the word "owner" in such a connection, and for such a purpose, that it would mean something besides owner of the fee, or of the legal or equitable title. But it has not done so in the statute under consideration. On the contrary, the words "freeholders" and "owners" are both employed in the statute, and in such connection that in my opinion we are obliged to give them different meanings. The term "freehold estate" is legally definitive of both an estate for life and of an estate of inheritance. The estate of a vendee in a land contract, in possession, is an estate of inheritance. *Starkweather* v. *Chatfield*, 149 Mich. 443. So husband and wife owning land by entireties have each of them an estate for life. But one of them is not an owner, within the meaning of a statute requiring a petition for a public improvement to be signed by owners of property. *Auditor General* v. *Fisher*, 84 Mich. 128. An application for the laying out of a drain is jurisdictionally sufficient, not when it is signed by 10 freeholders, 5

of whom shall have estates in land which is liable to assessment for benefits, but there must be 5 signers who are owners of such land. It is the boundary lines of each owner's land which the survey is required to show. The names of the owners of every tract to be traversed by the drain must appear in the application for the appointment of commissioners, and it is to owners that the citation is issued. It would seem that the owner of the fee, alone, could effectively release the right of way. The term "owners of land," as employed in 2 Comp. Laws, § 4319, means persons with whom the drain commissioner may make final and conclusive arrangements, persons whose land is liable to be affected by levies and by the exercise of the eminent domain. If it were otherwise, the proceeding might be instituted upon the application of persons, none of whom had any estate to be affected thereby. If it were otherwise, the 5 signers, claimed to be owners, might all of them be widows, occupying dower lands. The argument that a life tenant is an owner because impeachable for waste for failure to pay the taxes seems to me to be unsound. The statute does not refer to persons who are liable to an assessment, or who by contract, or by operation of law, are obligated to the landlord or to the remainderman to pay the taxes. It refers to land which is liable to an assessment for benefits and to the owners of such land. Moreover, I am not now prepared to determine whether, in the absence of a contract, a life tenant is under obligations to pay the extraordinary and sometimes very great expenses, arising from a public improvement like a drain, assessed as for alleged benefits to land. This court has sustained applications for drains by a liberal interpretation of the term freeholder, where that term is employed in the statute. To hold that the term owner, used in the statute in the same connection, signifies nothing different in meaning, is, in my opinion, to deny to public and to private interests a safeguard which the legislature intended should exist.

Objections to the appointment of commissioners were

that the application was not signed by 10 freeholders, did not have signatures of 5 owners of land liable to assessment, and that Ann V. Osborne was not a freeholder. These objections were all overruled and an order made appointing commissioners. Thereupon plaintiffs in certiorari moved in the probate court for a stay of proceedings and rehearing, setting out that Arend K. Brouwer was not a freeholder. The petition was dismissed upon the ground of want of jurisdiction to grant a rehearing. In the affidavit for the writ of certiorari it is averred that the application was not signed by 10 freeholders nor by 5 owners of land liable to an assessment for benefits; that Ann V. Osborne is not an owner and that Arend K. Brouwer is not an owner nor a freeholder; that the application is signed by but 4 owners of land; that the probate court erred in its refusal to entertain the petition for a rehearing. The answer and return denied these allegations, generally. Petition was made for an order for a further return and one was ordered. In this return it is set out that no objection was raised before the probate court on the hearing for the appointment of commissioners in regard to Arend K. Brouwer, and that, therefore, any and all objections were waived. The circuit court was of opinion that the qualifications of Brouwer were not the subject of proper inquiry and did not determine whether he was freeholder or owner. His qualifications, so far as disclosed by the record, by the return of the drain comsioner, are:

"And this defendant further answering says that he always supposed Arend K. Brouwer to be the owner of land in said township of Olive and a freeholder; that his name so appeared in said application for said drain, and that he never heard anything to the contrary until after the judge of probate had made his order appointing the three special commissioners, and notices had been served on them, and they were entering upon their duties as such special commissioners, when these plaintiffs appeared before the probate court and asked for a rehearing, setting up for the first time that Arend K. Brouwer was not an

owner of land in the township of Olive, and that this was the first knowledge that this defendant had in regard to the same. That he made inquiries thereafter and was informed that the father of Arend K. Brouwer promised to buy him a farm in the township of Olive, and that he did buy him a piece of land and told Arend K. Brouwer that it was his, and that Arend K. Brouwer entered into the possession of the same and built buildings on the same, has occupied and worked the same for several years, has had the same assessed to him on the tax rolls, has paid the taxes on the same and in every respect is the owner of the same except that this defendant has been informed that the record title still stands in the name of the father of said Arend K. Brouwer."

I am of opinion that the question was one to be determined by the court below. The application for the drain is signed by but 10 persons and it sets out the names of the 5 signers who are represented to be owners of land liable to an assessment for benefits. Among the names is that of Ann V. Osborne. Brouwer's name is not included. Ann V. Osborne is not an owner of land liable to assessment. Consequently, without some further showing, the probate court should have declined to appoint special commissioners. The facts in the application had been traversed and shown to be untrue. It is the drain commissioner then who, to save the application, asserts that there are, in fact, 5 signers who are owners. It is said that Brouwer is an owner. It was not so represented in the application and if he is not an owner then the drain commissioner has not shown that the application is sufficient in law. It seems to me that he is not in a position to urge that plaintiffs have waived the question of the qualifications of Brouwer. The inquiry is, and at all times has been, Is the application in fact signed by 5 owners of land liable to an assessment for benefits? The inquiry was seasonably made, and the decision is sought to be reviewed in the statute manner. The decision was wrong unless, as asserted by the commissioner, Mr. Brouwer is an owner. In my opinion, he is not an owner. He is not an appar-

ent owner. Reliance is placed upon the decisions of this court in *Twiss* v. *George*, 33 Mich. 253; *Farmers' Mut. Fire Ins. Co.* v. *Fogelman*, 35 Mich. 481; *Dupreau* v. *Insurance Co.*, 76 Mich. 615; *Convis* v. *Insurance Co.*, 127 Mich. 616; *Maas* v. *Insurance Co.*, 148 Mich. 432. Certainly these decisions are being carried far afield when used to support the proposition advanced here. *Starkweather* v. *Chatfield*, 149 Mich. 443, is authority for no such contention. I see no occasion to refine upon the meaning of the term "owner of land," or to suppose the legislature intended in its use to designate other than the one in whom prima facie is the fee simple title. In any event, the statute owner must be a freeholder. Mr. Brouwer is not a freeholder. His interest in the land is represented and is evidenced by his possession and by a parol promise.

The judgment below should be reversed, and the proceedings quashed.

McALVAY, J., concurred with OSTRANDER, J.