TOWNSHIP OF BIG PRAIRIE *v.* BIG PRAIRIE TOWNSHIP GRANGE NO. 935.

1. LANDLORD AND TENANT—LEASES—EXECUTION BY LESSEE.

A lease for a term of years, signed by the lessor, containing covenants on the part of lessee, is valid, though not signed by him, where he takes and retains possession under the terms of the lease.

2. TOWNSHIPS—POWERS—LEASE OF TOWN HALL.

Since township has authority to build a town hall which might be used in whole or in part for township purposes, to purchase, hold and convey real and personal estate, make all contracts necessary for the exercise of its corporate powers and make orders for disposal of its corporate property which

is judged expedient, it has authority to lease a portion of its town hall not necessary for township purposes (1 Comp. Laws 1929, §§ 957, 2366).

3. SAME—LEASE—EXECUTION BY OFFICERS—PRESUMPTIONS.
It is presumed that township officers who have authority to enter into a lease and do execute one, act legally in signing it.

4. SAME—LEASE—ESTOPPEL TO DENY FORMAL DEFECTS.
Fact that method of signing and form of lease of town hall may not have been legally proper, although the result was legal, does not permit the township to retain the fruits of its contract of construction, whereby defendant received a 99-year lease of second floor in return for aid on construction of town hall, and deny the validity of the lease.

5. SAME—PRESUMPTION OF APPROVAL OF LEASE—ESTOPPEL.
In township's ouster proceedings against tenant of second floor of its town hall, which tenant had occupied the premises for 33 years under 99-year recorded lease without payment of rent, it is presumed the township approved the arrangement and the township is estopped from denying the authority of its officers to execute such lease.

6. LANDLORD AND TENANT—LEASE—EQUITY.
99-year lease of second floor of town hall, given by township officers in return for defendant's aid in construction of town hall, *held,* fair and equitable in township's ouster proceedings, brought some 33 years after building was erected, especially where defendant contributed more than the agreed amount and apparently exceeded the contribution of the plaintiff itself (1 Comp. Laws 1929, §§ 957, 2366).

Appeal from Newago; Pugsley (Earl C.), J. Submitted June 9, 1938. (Docket No. 50, Calendar No. 39,943.) Decided November 10, 1938. Rehearing denied December 22, 1938.

Proceedings before circuit court commissioner by Township of Big Prairie, a municipal corporation, against Big Prairie Township Grange No. 935, a Michigan corporation, to obtain possession of real property. Plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Eerde W. Hoogsteen,* for plaintiff.

*William J. Branstrom,* for defendant.

McAllister, J. In 1903, the voters of Big Prairie township, Newago county, wanted to erect a town hall. They voted to raise $400 to be spread as a tax to enable them to carry out such purpose. In September, 1903, the supervisor, justice of peace and township clerk of the township entered into an agreement with the Big Prairie Grange No. 935, according to the provisions of which the Grange was to help in the erection of the building by contributing $200 in cash, labor or material, in return for which, the Grange would receive a lease of the second floor of the building for 99 years, subject to termination at the "pleasure" of the Grange.

A written instrument purporting to be such contract of lease was signed by the three township officers above mentioned. The building was erected, and no question is raised regarding the fulfillment of the terms of this arrangement by the Grange. There is evidence the Grange contributed two dollars for every one contributed by the township. The lease was not signed by defendant Grange, and there was no evidence presented of any resolution adopted by the township board authorizing the lease; but the lease itself, recorded by the supervisor, was recorded in the office of the register of deeds of Newago county. During the past 33 years the Grange has had the continuous use of the leased premises consisting of the second floor of the said building, while during the same time, the township has used the first floor as the township hall. In 1936, plaintiff township brought proceedings before the circuit court commissioner to oust the Grange from possession. On such hearing plaintiff's proceeding was dismissed, and, on appeal to the circuit court, the

decision of the circuit court commissioner was af-
firmed. Plaintiff now appeals from the determina-
tion of the cause in circuit court.

Plaintiff claims that the lease is void under the
statute of frauds (3 Comp. Laws 1929, § 13411 [Stat.
Ann. § 26.906]) because it was not signed by the
lessee; that it is invalid because it was not authorized
by the township board and not signed on behalf of
the board; and that the lease is unconscionable and
a fraud upon plaintiff.

A lease, signed by the lessor, containing covenants
on the part of the lessee, is valid, though not signed
by the lessee, where such lessee takes and retains
possession under the terms of the lease. *Bakker* v.
*Fellows,* 153 Mich. 428. The township had authority
to build a town hall which might be used in all or in
part for township purposes. 1 Comp. Laws 1929,
§ 2366 (Stat. Ann. § 5.2361). A township has author-
ity to purchase and hold real and personal estate,
and to convey, alienate and dispose of the same, as
well as to make all contracts that may be necessary
for the exercise of its corporate powers, and any
orders for the disposal of its corporate property
which is judged expedient. 1 Comp. Laws 1929,
§ 957 (Stat. Ann. § 5.2). It follows that the township
did have authority to lease that portion of its town
hall not necessary for township purposes.

The township board having authority to enter into
such lease, it is presumed that the officers acted
legally in signing the lease. *American LaFrance &
Foamite Industries, Inc.,* v. *Village of Clifford,* 267
Mich. 326. The fact that the method of signing the
lease and the form thereof may not have been legally
proper, although the result was legal, does not per-
mit the township to retain the fruits of the contract
and at the same time deny the validity of the lease.
*Coit* v. *City of Grand Rapids,* 115 Mich. 493.

It is further claimed that the township officers during many years in the past did not know of such a lease arrangement, and that there was no evidence that the township had ever approved it. The lease of this property was recorded in the office of the register of deeds. Any inspection of the record of title would have disclosed the situation. It was or should have been known to the township officers during the 33 years that the Grange was in possession and was not paying rental for the use of such public property. During that time no question was raised as to the right of the Grange to possession. Under these facts, persuasive inferences arise and it must be presumed in such circumstances that the township approved the arrangement.

Where such approval exists over such a period of time as in this case, the township is estopped from denying the authority of its officers to execute such lease. See *A. J. Smith Construction Co. v. City of Marine City,* 267 Mich. 367.

We are asked to hold that the lease was unconscionable and a fraud upon plaintiff. Defendant contributed more than the agreed amount; it assisted in the building of the town hall, and, in all probability, as appears from the evidence, exceeded the contribution of plaintiff itself for this purpose. It is possible that the building never would have been constructed, especially at the time it was, without the execution of the lease agreement and the subsequent aid from defendant. The transaction was fair and equitable, inspired by sentiments of cooperation and good citizenship. As a result, the interest of the public was thereby benefited.

Judgment affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., took no part in this decision.