## LaHOOD v. WIELADT.

1. .Appeal and Error—Review of Common. Pleas Court Judgment by Circuit Court—Preponderance of Evidence.

The appeal from the Detroit common pleas court to the circuit court does not call for a trial *de novo* of a nonjury case in the latter court but permits review there, as in appeals to the Supreme Court, and reversal only upon a finding that the judgment below was against the clear preponderance of the evidence (CLS 1956, § 728.4).

2. Same—Common Pleas Court—Reversal by Circuit Court—Preponderance of the Evidence.

The circuit court's reversal of a judgment of the Detroit common pleas court in a nonjury case was reversible error, where the judgment reversed was not against the preponderance of the evidence (CLS 1956, § 728.4).

3. Partnership—Third Parties.

The power of one partner to bind another person, as partner, in an obligation to a third person requires the continuance of the existence of the partnership at the time the obligation is incurred (CL 1948, § 449.9).

4. Same—Lease Executed by Former Partner.

Appellant, former partner, was not estopped to deny liability under renewal lease which was executed by other partner after partners had ceased doing business as a partnership, where appellant had specifically declined to sign the new lease when lessor approached him, and lessor's attorney struck appellant's name from lease, although no partnership dissolution certificate had been filed (CL 1948, § 449.9).

---

References for Points in Headnotes
[1] 3 Am Jur, Appeal and Error § 815.
[2] 3 Am Jur, Appeal and Error § 900.
[3] 40 Am Jur, Partnership § 274.
[4, 5] 40 Am Jur, Partnership § 78.

5. Landlord and Tenant—Partnership—New Lease After Dis-
   solution.

    Appellant, former partner of partnership which had executed
    original lease but had ceased doing business as partnership
    before second lease was executed by other former partner and
    evidence of such disassociation was sufficient to cause common
    pleas court judge to hold appellant not liable was improperly
    subjected to liability for rent under second lease by circuit
    court on its review, as appellant was neither liable as a tenant
    holding over as there was a new lease, nor liable under the
    common counts.

Appeal from Wayne; McCree, Jr. (Wade H.), J.
Submitted June 8, 1960. (Docket No. 26, Calendar
No. 48,387.) Decided September 15, 1960. Rehear-
ing denied October 10, 1960.

Action by Tom LaHood against Joseph Wieladt
and Earle J. Teschendorf, individually and as part-
ners doing business as Belmont Upholstering Co.,
for sums due on rent. Judgment in Detroit common
pleas court for plaintiff against defendant Wieladt
only and for no cause of action as to defendant
Teschendorf. On appeal to circuit court judgment
entered against both defendants. Defendant Tes-
chendorf appeals. Reversed and remanded for en-
try of judgment in common pleas court as originally
entered.

*Albert Green,* for plaintiff.

*Maurice V. Victor (Meyer Weisenfeld,* of counsel),
for defendant Teschendorf.

Dethmers, C. J. Plaintiff brought suit in the com-
mon pleas court of the city of Detroit against the 2
defendants, as partners, for rent under a written
lease. Defendants had been partners doing busi-
ness under the firm name of Belmont Upholstering
Company, according to a certificate filed in 1949.
In 1952, as such partners, they signed a 5-year lease
naming that partnership as lessee and them as the

partners. Plaintiff was the lessor. Testimony, which the trial court had a right to and apparently did believe, showed that in 1956 defendants ceased doing business as a partnership, though they filed no certificate of dissolution, and formed a corporation, the Belmont Furniture Company, its registered office being at the address of the leased premises. The lease, containing a 5-year renewal option clause, expired on April 30, 1957. Some time prior to its expiration plaintiff tendered to defendant Teschendorf a new 5-year written lease, at a higher rental, naming the same partnership and partners as lessees. Teschendorf objected to its rent provisions and refused to sign. Plaintiff thereafter went to defendant Wieladt, who did sign. Plaintiff then took the lease to his attorney, who had drafted it, asked if it meant anything with Teschendorf refusing to sign, whereupon the attorney, in plaintiff's presence, struck out from the lease the typewritten names of the partnership and of defendant Teschendorf appearing in the first paragraph and at the place for signatures and the word "partner" following Wieladt's name, leaving only the names of plaintiff as lessor and of defendant Wieladt as lessee in both places, and sent a copy of the lease, so altered, to Wieladt. After the first lease had expired and the term of the new one commenced no apparent change in tenancy occurred. Defendant Teschendorf continued for a number of months to deliver to plaintiff checks for the rent. These checks, as had been true for the previous year, no longer named the partnership "Belmont Upholstering Company" as payor, but, instead, "Belmont Furniture Company," the name of the corporation. Plaintiff testified that he did not remember whether he had been told by defendant Teschendorf, shortly prior to execution of the second lease, that the business was no longer a partnership but a corporation. Teschendorf testi-

fied that he had given a form letter to that effect to his office girl for transmission to all creditors.

The rent due under the new lease for the last 2 months of 1957 and the first two of 1958 was left unpaid. Hence this suit. The common pleas court entered judgment therefor in favor of plaintiff against defendant Wieladt, but a judgment of no cause for action as to defendant Teschendorf. Plaintiff appealed to the Wayne circuit court and obtained a reversal as to Teschendorf and remand with directions to enter judgment for plaintiff against both defendants. From that, defendant Teschendorf appeals here.

The appeal to circuit court did not call for trial de novo there but permitted review as in appeals here and reversal only upon a finding that the judgment below was against the clear preponderance of the evidence. CLS 1956, § 728.4 (Stat Ann 1959 Cum Supp § 27.3654); *Ladney* v. *Ternes Steel Co.*, 359 Mich 228. We think that it was not and that, therefore, its reversal was error.

True, CL 1948, § 449.9 (Stat Ann 1959 Rev § 20.9), provides that one partner may bind another, but here there is competent testimony, accepted as true by the trial court, and no evidence to the contrary, that there was no partnership when the second lease was signed by Wieladt.

The circuit court, citing *Clippinger* v. *Starr*, 130 Mich 463, held that Teschendorf became estopped to deny that the second lease was a partnership obligation by his monthly payment of the rent after he knew of its existence and the signature by Wieladt. The proofs show, however, that that lease, by its terms, did not purport to be a partnership lease, but one between plaintiff and Wieladt and the rental payments were not out of Teschendorf's or partnership funds, but were payments by the corporation. No such estoppel was, therefore, effected.

It is urged that because the certificate of dissolution of the partnership was not filed and it was not shown that plaintiff had notice thereof plaintiff had a right to rely on Wieladt's apparent authority to bind Teschendorf. The answer is that he did not do so, but, after asking his attorney about it, caused Teschendorf's and the partnership's names to be stricken from the lease and made it to read as between him and Wieladt only.

Plaintiff stresses the holdings in *Township of Big Prairie* v. *Big Prairie Township Grange,* 286 Mich 268, and *Bakker* v. *Fellows,* 153 Mich 428, that, with a lease signed by the lessor, lack of lessee's signature does not affect its validity if he takes possession under its terms. Here its terms make Wieladt lessee and make no reference to Teschendorf. The evidence favorable to him, accepted by the trial court, is that Teschendorf did not possess as a partner or individual tenant, but as an officer or part owner of a corporation which paid the rent. Teschendorf was not liable as a tenant holding over under the first lease, as it had been replaced or succeeded by another between plaintiff and Wieladt. These facts and the existence of the second lease, upon which plaintiff declared and relied, are reasons sufficient for holding Teschendorf not liable under the common counts. *Geistert* v. *Scheffler,* 316 Mich 325; *Goldblum* v. *United Automobile Workers, Ford Local No. 50,* 319 Mich 30.

Judgment in circuit court is reversed and a remand directed to the common pleas court for reinstatement of its judgment for plaintiff against defendant Wieladt and of no cause for action as against defendant Teschendorf, with costs to the latter.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.