EMORY TAFT v. SYLVENAS A. TAFT ET AL., AND SMITH
T. TAFT v. SYLVENAS A. TAFT ET AL.

[Two cases.]

[See 59 Mich. 185.]

*Equity pleading—Variance—Witnesses—Facts equally within knowledge of deceased.*

1. Under our statute concerning the acts and declarations of deceased persons, in suits against their estates, a great deal of testimony is shut out which would not be excluded between living parties. Family dealings between father and son must generally be beyond sight and hearing of third persons, their mutual confidence precluding the calling in of witnesses. If enough is shown by witnesses to make out all the elements of a contract, the Court must assume that much must have existed further which no third party knew.

2. In this case it is held that enough appears from independent testimony to prove a perfect case for relief, and that the variances between the bill and the proofs are circumstantial, and do not change the substantial merits, being, so far as significant, such as might, and usually would, be found where all of the testimony comes from outside witnesses, and neither party is allowed to be sworn.

Appeal from Macomb. (Moore, J., presiding.) Argued January 9 and 10, 1889. Decided February 1, 1889.

Bills for specific performance. Defendant Sylvenas A. Taft appeals. Decree affirmed. The facts are stated in the opinion, and in the case of *Taft v. Taft,* 59 Mich. 185.

*Dwight N. Lowell* (*A. B. Maynard* and *A. L. Canfield,* of counsel), for complainants, contended:

1. The undisputed facts, namely, the money and labor expended by complainants, amounting to $7,300, the services practically

yielded to the father for over 30 years, the waiving of the opportunity and desire of every one when manhood comes to go forth to seek home and fortune, the exclusive possession as shown, inevitably force the conclusion of contract relations, and can be reasonably explained and accounted for upon no other hypothesis or supposition than that there was a contract, agreement, or inducement held out by Adon Taft, which produced and led to the results which complainants claim as the basis of relief; citing Fry, Spec. Perf. §§ 385-387, 402; *Harris v. Knickerbacker*, 5 Wend. 645; *Weed v. Terry*, 2 Doug. 351; *Morphett v. Jones*, 1 Swanst. 181.

2. We do not concede nor consider the statute of frauds under the proofs to be in this case, because the defendants have not set it up in their answers as a defense; citing *Irwin v. Dyke*, 114 Ill. 302; Fry, Spec. Perf. § 340; *Burtch v. Hogge*, Har. Ch. 31; *Parkhurst v. Van Cortlandt*, 1 Johns. Ch. 274.

3. But, waiving this for the sake of the argument, we say that payment or performance of what was to constitute the consideration, in connection with the change of possession and the making of valuable improvements, is such part performance as to take the case out of the operation of the statute; citing How. Stat. § 6183; *Burtch v. Hogge*, Har. Ch. 46; *Bomier v. Caldwell*, Id. 67, 8 Mich. 463; *Ingersoll v. Horton*, 7 Id. 408; *Weed v. Terry*, 2 Doug. 351; *Lamb v. Hinman*, 46 Mich. 116; *Scott v. Bush*, 26 Id. 420; *Davison v. Davison*, 13 N. J. Eq. 246; *Van Duyne, v. Vreeland*, 12 Id. 142; *Carmichael v. Carmichael*, 72 Mich. 76; *Neale v. Neale*, 9 Wall. 1; *Freeman v. Freeman*, 43 N. Y. 34.

4. Upon the same principle, courts of equity have gone to the extent of upholding contracts not upon a valuable consideration, but which were intended as family settlements; citing *Jones v. Jones*, 16 Am. Dec. 35; *Sargent v. Baldwin*, 6 N. Eng. Rep. 253.

5. There is no distinction between a contract signed according to the provisions of the statute, and one resting in parol, where there has been performance by the party seeking to enforce it, and who, upon the faith of the contract, has made valuable improvements, and been let into possession; citing *Hains v. Hains*, 69 Mich. 581.

6. The deeds are evidence of a contract to take the case out of the operation of the statute; citing *Murphy v. Stever*, 47 Mich. 525; Fry, Spec. Perf. § 341; 3 Pars. Cont. 360; *M. E. Church v. Jaques*, 1 Johns. Ch. 65, 450; *Scrugham v. Wood*, 15 Wend. 545; *Jones v. Jones*, 16 Am. Dec. 35; *Thayer v. Luce*, 22 Ohio St. 75; *Bowles v. Woodson*, 6 Gratt. 88; *Parrill v. McKinley*, 9

Id. 1; *Stow v. Miller*, 16 Iowa, 460; *Newton v. Bealer*, 41 Id. 334; *Foley v. Howard*, 8 Id. 56.

7. Where specific performance will be granted as between the parties, it will also be decreed as against the heirs or purchasers; citing Fry, Spec. Perf. § 115; *Morris v. Hoyt*, 11 Mich. 29; *Champion v. Brown*, 6 Johns. Ch. 398; *Currier v. Howard*, 14 Gray, 511; *Hains v. Hains*, 69 Mich. 581; *Lobdell v. Lobdell*, 36 N. Y. 332; *Laverty v. Moore*, 33 Id. 658.

8. As to the contract and proofs, counsel cited *Kinyon v. Young*, 44 Mich. 342; *Rhodes v. Rhodes*, 3 Sandf. Ch. 305; *Lobdell v. Lobdell*, 36 N. Y. 327.

*T. M. Crocker*, for appellant, contended:

1. The case made by the bill is fatally variant from the facts shown by the proofs. The bill was drawn upon the theory that Adon Taft made a contract with complainants, as soon as they reached majority, to have them work his farm as long as he lived, and at his death take all of the property, subject to a sum not named to be paid to their sister, and that they had fully performed on their part, and that the deeds in question were executed by the father to carry out this agreement on his part. The proofs show that complainants worked with their father as partners in the threshing business; that Smith worked his own land, and some land for others, on shares, and that Emory worked the home farm on shares, and that the deeds were executed entirely to suit the pleasure of Adon Taft as a final disposition of his property, he at no time speaking of it as an obligation he was under contract to perform. In such a case the relief prayed will not be granted; citing *Wilson v. Wilson*, 6 Mich. 9; *Ford v. Loomis*, 33 Id. 121, 122; *Brown v. Brown*, 47 Id. 378, 384; *Booth v. Thompson*, 49 Id. 73, 75, 76.

2. The proofs show no contract. There was no meeting of the minds of the father, the two sons, and the daughter, upon any given thing to be done, the amount or description of land to be conveyed, or money to be paid. That mutuality, so essential to all contracts, was wanting; citing *Blanchard v. Railroad Co.*, 31 Mich. 53; *Maynard v. Brown*, 41 Id. 298; Bishop, Cont. §§ 313, 316; *Cummer v. Butts*, 40 Mich. 325.

3. Loose expressions of intentions and purposes do not constitute a contract; citing *Recknagle v. Schmaltz*, 72 Iowa, 63; *Shellhammer v. Ashbaugh*, 83 Penn. St. 24, 28, 29.

4. To complete the parts of a contract, there must be a change of possession, and an entry under the contract; otherwise no court of equity can give aid; citing *Clark v. Clark*, 122 Ill. 388; and promises to give cannot be of any force unless *followed* by pos-

session; citing *Poorman v. Kilgore*, 26 Penn. St. 365, 373; *Shellhammer v. Ashbaugh*, 83 Id. 24; *Railroad Co. v. Knowles*, 117 Id. 77, 82; *Recknagle v. Schmaltz*, 72 Iowa, 63.

5. Defendants are heirs of Adon Taft, and all claims of any nature, made to set aside their claims as such heirs, must be closely scanned, and the rules of law vigorously applied; citing *Graham v. Graham*, 34 Penn. St. 475; *Wallace v. Long*, 105 Ind. 522.

6. The deeds relied upon have been declared void for want of delivery; citing *Taft v. Taft*, 59 Mich. 185; and cannot be treated as contracts to convey, being wholly void; citing *Comer v. Baldwin*, 16 Minn. 172; *Merriam v. Leonard*, 6 Cush. 151, 153; *Parker v. Parker*, 1 Gray, 409, 411; *Freeland v. Charnley*, 80 Ind. 132, 138; *Pulse v. Miller*, 81 Id. 192; and the evidence shows a purpose by these deeds to make a disposition of the property *after* the father's death, and, there being no contract to convey, relief in manner here sought cannot be granted; citing *Wood v. Thornly*, 58 Ill. 464; *Clark v. Clark*, 122 Id. 394; *Wright v. Wright*, 31 Mich. 381; *Webster v. Gray*, 37 Id. 39.

7. Upon the death of Adon Taft, if complainants had performed any service for their father, for which they desired or claimed a right to be compensated, they had a complete remedy against the estate; citing *Sword v. Keith*, 31 Mich. 247; *Sutton v. Rowley*, 44 Id. 112; *Bayliss v. Pricture*, 24 Wis. 651; *Martin v. Wright's Adm'rs*, 13 Wend. 460; *Wallace v. Long*, 105 Ind. 522.

8. More than six years elapsed after the death of Adon Taft before the bill was filed, complainants relying upon a full and complete delivery of the deeds as a defense in the action of ejectment, and their present claim is barred by the statute of limitations; citing Wood, Lim. § 58; *Brennan v. Ford*, 46 Cal. 7; *Spaulding v. Farwell*, 70 Me. 17; *Lewis v. Prendergast*, 39 Minn. 301; *Jenny v. Perkins*, 17 Mich. 28, 33, *Harlow v. Iron Co.*, 41 Id. 589; and the loss of a legal remedy furnishes no ground for relief in equity; citing *Webster v. Gray*, 37 Mich. 37, 39.

CAMPBELL, J. The bill in each of these causes was filed to obtain the specific performance of a parol agreement by Adon Taft, complainant's father, that complainant should have certain lands, which were part of Adon's lands, mostly used for farming purposes, after the death of the father. The court below gave a decree for the

complainant. The same facts, in substance, came before us in Taft v. Taft, 59 Mich. 185 (26 N. W. Rep. 426), where it appeared that, in pursuance of the same equities, Adon Taft executed deeds in his life-time, to be delivered after his death; but, as we then held, the delivery was on such terms as to amount to no more than a testamentary act, not conforming to the statute of wills, and not valid to convey the land. We there held that the equities could not be settled in an ejectment suit, and therefore we could give no opinion upon them.

The present suits were brought to establish those equities. Without going into the facts at large,—and the contest is one of fact almost entirely,—we are satisfied that many years ago Adon Taft prevailed on each complainant to give up his other plans in life, and remain about his father's home, working land, and doing other labor, and rendering other assistance, in his father's interests, with the promise and understanding that at or before his father's death the land in question should be made his. It is certain that before his death Adon Taft attempted to carry out his engagements, but failed from a legal error in the formalities of its execution. Upon the substantial merits we have no doubt whatever.

The chief defense relied upon in this Court is a variance between the bill and proofs. It is undoubtedly true that some of the elements of the contract are not in the proofs precisely as alleged, and in some circumstances there are considerable variances. But there is not the least ground for doubting that the land was promised, that the deed failed of execution, but was intended to be executed, and that complainant, at his father's instance, devoted most of his life to furthering his father's objects, and working with him or in his interest. Enough appears from independent testimony to prove a perfect case for relief. The variances are circumstantial, and do not change the sub-

stantial merits. They are all, so far as significant, such as might, and usually would, be found where all the testimony comes from outside witnesses, and neither party to the contract is allowed to be sworn. Under our statute concerning the acts and declarations of deceased persons, in suits against their estates, a great deal of testimony is shut out which would not be shut out between living parties. Family dealings between father and son must generally be beyond sight and hearing of third persons. Their mutual confidence precludes calling in witnesses, as it precluded here the execution of papers. If enough is shown by witnesses to make out all the elements of a contract, we must assume that much must have existed further which no third party knew. It is also to be considered that, in a long course of mutual dealings, it is not impossible that from time to time some changes may have been acquiesced in on both sides, as new circumstances arose. It would be very singular if these two persons had sat down, and deliberately forecast all the future of their lives, and predetermined all their conduct. The testimony here is more definite than we usually find it in such affairs; and it would be a denial of justice to cut off redress on a question of pleading, even if more serious than any we find here. We regard the transactions of Adon Taft concerning the deeds which he signed as of great significance, as showing a wish to do as he had agreed. It is probable that the old man may have at different times asserted new conditions, and that his sons may have had a filial willingness to yield to his wishes, even if unreasonable. That would not destroy or negative their rights. If the variances were such as to require the bill to be amended, we should not hesitate to allow it to be amended now, and to treat it as amended. But we do not think the variances are so serious as to require it.

They do not affect the substantial merits enough to be regarded as changing the issues.

The decree must be affirmed, with costs.

The other Justices concurred.·