BROWN v. BROWN.

1. EQUITY—PRACTICE—AMENDING DECREE.
   After the entry of a final decree in a suit for specific performance, and after discovering that the description of land affected by the proceedings was incorrect, a second order permitting the complainant to open the decree and insert an amended description as it might be determined by a survey, obviates the objection that the final order contained an incorrect description.

2. SPECIFIC PERFORMANCE—ORAL CONTRACTS.
   The decree of the circuit court granting specific performance of a contract, not in writing, to convey real property, is sustained as warranted by sufficient although conflicting evidence.

Appeal from Huron; Beach, J. Submitted October 20, 1910. (Docket No. 90.) Decided November 11, 1910.

Bill by Matilda C. Brown against Harriet Brown and Levi Brown for specific performance. From a decree for complainant defendants appeal. Affirmed.

*John F. Murphy* and *Charles D. Thompson,* for complainant.

*George W. Bates* and *George M. Clark,* for defendants.

MOORE, J. The bill is filed by Matilda C. Brown, widow and administratrix of the estate of Harvey H. Brown, deceased, for the specific performance of an oral contract alleged to have been made by Levi Brown and Harriet Brown, his wife, with their late son, Harvey H. Brown, just prior to his marriage, October 12, 1897. By this contract it is alleged that they were to sell to him a certain house and lot in Harbor Beach, Mich., and that under it he took possession of the place as his homestead, paid the consideration, made various improvements and repairs thereon, and remained in possession of same until his death by drowning, April 23, 1907.

On the part of defendants it is claimed that no such contract was ever made with the said Harvey H. Brown; that at the date of the alleged contract Levi Brown had no interest in the premises, which were then owned solely by his wife, Harriet Brown; that she never made any such contract with Harvey Brown, but there was an understanding between the said Harvey H. Brown and his mother that at the time of his marriage, October 12, 1897, he would be allowed to occupy the premises in question as his homestead without rent; and that, if he made any improvements or repairs, the same were to. be made at his expense and left there, if he should afterwards leave the place; but that at no time did Harvey Brown pay Harriet Brown or Levi Brown any money for these premises. The court below rendered a decree in favor of the complainant for specific performance as prayed in the bill of complaint. The case is brought here by appeal.

A preliminary question presents itself at the outset. It is urged on the part of the appellants that the premises are not sufficiently described in the bill of complaint to warrant a decree, and the decree is fatal because of the description therein. There was a full hearing in the court below upon the merits. Subsequent to the making of the first decree the following order was entered:

"At a session of said court held at the courthouse in

the city of Bad Axe upon the 5th day of April, A. D. 1910.

"Present: Honorable Watson Beach, Circuit Judge.

"It being made to appear to the court that the recital of the description of the property awarded to the complainants in this cause, made and entered, is defective and cannot be applied to the property, it is ordered, adjudged, and decreed that the said decree be opened so far as the description aforesaid is concerned, and that Paul Praschan make a survey of the proper boundaries of said homestead lot, and report such survey and proper description to this court, that the court may amend its decree in that respect. This decree shall in no wise affect the proceedings of defendants towards settling a case for review in the Supreme Court. When the amended decree is made, it may be treated as of the date of the former decree, so far as appeal is concerned."

After this order was made, the appellants proceeded to perfect their appeal. The record and full briefs are here, and the case has been argued at length orally. We do not think the appellants can be heard to say there cannot now be made a final disposition of the case.

The hearing was had in open court. The oral testimony was very conflicting. On the part of the complainant, testimony was produced to the effect that both of defendants stated that the son, Harvey Brown, had purchased the premises for the sum of $250, and had made full payment for it. The judge of probate testified that, after the death of Harvey Brown—

"I went over to Harbor Beach in May, 1907, to get a deed from the old lady. I supposed the property belonged to Levi. I found that the property was all in the old lady, Harriet Brown. She said Harvey had paid for the place, and he ought to have a deed; 'but I will never sign another deed.' The place was the little homestead."

All of these witnesses were contradicted by the defendants. The case presents a striking illustration of the advantage, in determining the credibility of witnesses, of hearing their testimony and of seeing them while they are giving it.

There is testimony that, from the time Harvey Brown and his young wife moved upon the premises in 1897 until the time of his death 10 years later, he claimed to own the premises. He was about 21 years of age at the time of his marriage. The record shows he was an industrious, frugal man, of good habits. He commenced at once to make improvements upon the place, and during his occupancy put a cellar under the house, constructed and equipped a bathroom, and added a second story to the house, all of which was done by his labor or at his expense. What was done by him and his family is not likely to have been different from what it would have been if he was possessed of the record title to the premises. See *Taft* v. *Taft*, 73 Mich. 502 (41 N. W. 481), *Pike* v. *Pike*, 121 Mich. 170 (80 N. W. 5, 80 Am. St. Rep. 488), and the many cases cited therein. His two children, one seven and the other four years of age at his death, were born in the house so improved by him. It is not reasonable to believe that this young man of limited means would have made these liberal expenditures, had he not believed he was creating a home for himself and his little family.

The decree of the court below is affirmed, with costs.

HOOKER, MCALVAY, BROOKE, and BLAIR, JJ., concurred.