## MEAD v. MICHIGAN CENTRAL RAILROAD CO.

1. Eminent Domain — Railroads — Streets — Separation of Grades—Necessity—Statutes.

By the amendment of 1909, Act No. 268, the legislature has changed the provisions of law for separation of grades so as to eliminate the requirement that the necessity be determined and damages assessed before performing the work of separating the grades of street and railroads; and, accordingly, if the petition for the determination of questions of damages and necessity is filed within a year after the completion of the work, the proceedings are sufficient. An action will not lie for damages in consequence of separating such grades, in behalf of a property owner, whose premises are injuriously affected thereby, while proceedings in eminent domain are pending to determine the amount of damage and the necessity of the taking.

2. Constitutional Law—Due Process of Law.

Act No. 268, Pub. Acts 1909, is constitutional: it is not objec-

tionable on the ground that persons are deprived of property without due process of law. The damages suffered by reason of a separation of grades being consequential, not direct, rights of abutting property owners are sufficiently protected by the amendment.

3. EMINENT DOMAIN—MUNICIPAL CORPORATIONS.
   It is not essential, under the amended statute, that the common council determine the necessity in advance of the actual work; or that the resolution be filed with the corporation counsel as a prerequisite to commencing such separation; or that it be recorded with the register of deeds, if the property owners have actual notice of the proceedings.

Error to Wayne; Van Zile, J. Submitted June 18, 1912. (Docket No. 17.) Decided April 8, 1913.

Case by John Mead and George Mead, copartners as Mead & Company, against the Michigan Central Railroad Company for damages to property resulting from a grade separation. Judgment for plaintiffs, and defendant brings error. Reversed; new trial denied.

*Richard I. Lawson* and *Walter Barlow*, for appellant.

*Lucking, Emmons & Helfman*, for appellees.

McALVAY, J. Plaintiffs brought suit in the circuit court for Wayne county against defendant in an action on the case in trespass for damages claimed to have been suffered through wrongfully digging and excavating in the street along the property owned by plaintiffs, thereby lowering the grade of said street from three to eight feet, against the protest of plaintiffs. To the declaration filed in the case defendant entered a plea of the general issue with notice that by an agreement with the city of Detroit for the separation of grades at Twentieth street and its railroad, near where plaintiff's property was located, it conducted whatever operations were had in that locality, made the excavations and lowered the grade of Twentieth

street and consequently the grade of Newark street, which runs parallel with defendant's railroad, so as to adapt it to the grade necessarily established for Twentieth street in separating the grades; and, further, that under the law of this State for the separation of grades, being sections 4229 to 4261, 2 Comp. Laws, as amended by Act No. 268, Pub. Acts 1909 (3 How. Stat. [2d Ed.] §§ 6826-6858), adequate provision is made for compensation to plaintiffs, to be awarded to them in proper form and in proper proceedings, which had been commenced by the city of Detroit by filing its petition in the recorder's court of said city for that purpose, and that in said petition plaintiffs were named as parties thereto, and process from said recorder's court was duly served upon them, which suit was then awaiting its turn for trial in said court, and that the instant suit could not be continued to judgment for the reason that the court was without jurisdiction. The result of the trial was a verdict of $3,500 in favor of plaintiffs, the case having been submitted by the court upon the proposition that the plaintiffs were entitled to recover, and the only question for the jury to determine was the amount of such recovery. Upon this verdict judgment was entered. Defendant brings the case to this court for review upon writ of error.

Upon the material facts in this case there is no dispute between these parties. The only question to be determined is one of law, as appears from the following extract from the brief of plaintiffs:

"It is conceded by counsel for both parties hereto that the Michigan Central Railroad had no right to change the grade in Newark street in front of plaintiffs' property except under the provisions of the statute. The entire issue therefore rests upon this court's interpretation of that act."

Under the statute in question, entitled "The separation of highway and railroad grades," the following proceedings were taken by the city of Detroit: On October 2, 1906, the common council of the city of Detroit authorized

and directed the mayor and chairman of its committee on grade separation to execute, as provided by this statute, on behalf of the city, an agreement with the Michigan Central Railroad Company for the separation of grades in a certain district, including the grade at the intersection of Twentieth street and its railroad track.   This agreement was duly executed by the parties and the execution ratified and confirmed by the common council.   The ordinance provided for by the terms of this contract relative to the separation of grades at Twentieth street was adopted October 5, 1909.   The work of separating this grade was begun by defendant October 5, 1909, and was completed before May 16, 1911, as far as Newark street is concerned.   On May 16, 1911, the common council adopted a resolution declaring it necessary for the public benefit to make this separation of grades at Twentieth street, in accordance with the plans prescribed by said agreement with defendant, which resolution was duly filed . with the corporation counsel.   Later, the corporation counsel for the city of Detroit filed its petition, June 15, 1911, in the recorder's court as the commencement of judicial proceedings asking for a jury to determine the public necessity of said improvement and the just compensation to be made to parties interested, which proceedings were pending at the time the instant suit was instituted.

Several errors are assigned by defendant, but the issue before this court is so narrow that it will be necessary to consider only those errors which challenge the regularity of the proceedings taken under the statute to make this grade separation.

On the part of defendant, it is claimed that the foregoing proceedings under the law for the separation of highway and railroad grades, above enumerated, were a substantial compliance with its requirements, and conferred jurisdiction upon the recorder's court of the city of Detroit to hear and determine the public necessity for such improvement and all questions of damages arising in any way

from the change of grades caused by such separation, and by reason thereof the circuit court for the county of Wayne had no jurisdiction.

On the part of plaintiffs, it is contended that these proceedings by defendant were not a substantial compliance with the requirements of the act in question and the amendments thereof, and therefore defendant was a trespasser *ab initio*, liable to respond to plaintiffs in this action.

For convenience in following the changes made in the statute under discussion by the amendments of 1909, and a better understanding of their importance in the determination of this case, the original sections involved, as found in the Compiled Laws of 1897, are added as a footnote to this opinion, with italics or notations where the changes occur.[1]

The grade separation law was amended by Act No. 268 of the Public Acts of 1909. The sections so amended, material to this case, which require consideration, are: Compiler's section (4230) Sec. 2 was amended by eliminating the first proviso from said section which we have italicized. Compiler's section (4239) Sec. 11 was amended in several respects, as follows: By striking out the italicized

---

[1] Compiled Laws 1897.

(4230) SEC. 2. Such representative board or officer, as the case may be, may enter into an agreement with any railroad company or companies crossing any such street or highway providing for the separation of the grades at such crossing by carrying said street or highway either over or under said railroad at the point of intersection. Said agreement shall have attached thereto as a part thereof, an accurate profile and map of those portions of the street or highway and railroad or railroads of which the grade is to be changed according to the said agreement and a plan showing the details of construction necessary for the separation of the grades at such crossing. Said agreement shall also provide for paying the cost of making and maintaining such separation of the grades and for the division of the total expense thereof between the parties to such agreement and shall fix the amount of damages, if any, to be paid to said railroad company or companies as compensation for any injury to it or them resulting from said changes of grade, exclusive of the expense of construction and maintenance above provided for: *Provided, That no such agreement shall be enforceable until the damages referred to in section 3 of this act are fixed by judicial proceedings, or by compromise under said section three; Provided fur-*

word "forthwith" in the second line, changing the clause to read "shall prepare and file  *  *  * a petition"; by inserting in the line where we have noted "amendment" the words "or of two or more streets or highways"; by inserting before the italicized word "changed" the words "or has been," changing the wording to "of which the grade is to be or has been changed"; by inserting after the next italicized word "changed" the words "or has been," making the same change as last above; by striking out the italicized words in the last paragraph of said section and inserting the words, "determine the public necessity of said improvement in accordance with said plan"; and, lastly, by adding at the end of said section 11 the following paragraph:

"The filing of said petition, if done within one year after the making of such separation of grades, whether in any railroad or in any street or highway, and all other changes necessary to carry out the plan set forth in the resolution or certificate provided for in section three, shall be deemed a compliance with the provisions of this act requiring the filing of said petition for any work done or to be done in connection with any separation of grades as herein provided."

The plaintiffs contend that the proceedings under the

*ther*, that no agreement made by a board of county supervisors, board of county commissioners of highways, or township highway commissioner which necessitates the borrowing or raising by tax of a greater sum by the county or township than such board or (commissioner) commissioners is authorized to raise, shall be enforceable until the authority to raise such excess has been duly given; nor shall any agreement made by a township commissioner of highways be valid until the same is approved by the township board.

(4231) Sec. 3. When the common council of any city shall have entered into any such agreement, it shall be authorized to settle or compromise with any person having an interest in any lands abutting on that portion of the street or highway within the city of which the grade is to be changed according to the said agreement, and which may be damaged by the proposed change of grade, and with any street railroad company operating or interested in any line of street railway upon such part of such street or highway and which may be damaged thereby. When a common council, being a party to such agreement, cannot effect such settlement or compromise, or shall deem it inexpedient to attempt it, or whenever the representative board or officer of any county or township is a party to such agreement, such common council or representative

grade separation act were void: (*a*) Because the common council did not in advance of the work pass a resolution declaring it necessary for the public benefit to make a separation of grades in accordance with certain attached plans; (*b*) because such resolution was not filed seasonably with the corporation counsel; (*c*) because such resolution was not recorded seasonably in the office of the register of deeds.

This court has held that prior to the enactment of the amendment of 1909 it was the legislative intent, as expressed by the provisions of sections 3 and 11 of this statute, that the determination of the public necessity and the assessment of damages should be made before any work was done upon the grade separation. *City of Detroit* v. *Railway*, 156 Mich. 106, at page 117 (120 N. W. 600). By striking out the first proviso from section 2 the amendment of 1909 eliminated the following provision, "*Provided*, that no such agreement shall be enforceable until the damages referred to in section three of this act are fixed by judicial proceedings or by compromise under said section three," and adding to section 11 the paragraph quoted earlier in this opinion, which provides that the filing of the petition as commencement of judicial proceed-

board may pass a resolution, or such representative officer may make a certificate, declaring it necessary for the public benefit to make such separation of grades in accordance with the plan prescribed by said agreement, which resolution or certificate shall have attached thereto as a part thereof, a copy of the said agreement. Upon the passage of such resolution or the making of such certificate, it shall be filed in the office of the city attorney of the city where the crossing is within the city, or upon the line between any city or county, or part of a county outside of such city, and in the office of the prosecuting attorney of the county where the crossing is outside of the limits of any city and within such county. Where the crossing is on the line between two or more counties, the resolution so passed shall be transmitted to the railroad and street crossing board hereinafter provided for, who shall file the same in the office of the prosecuting attorney of either of the counties interested as the said crossing board shall determine. And said resolution shall also be recorded in the office of the register of deeds of the county or counties in which such crossing is situate within twenty days after its adoption. The question of the necessity of making the proposed change or changes of grade, shall then be passed upon, and the damages, if any, shall be appraised in judicial proceedings in the manner hereinafter provided. But in any proceedings insti-

ings within one year after the completion of the work of separating grades shall be deemed a compliance with the provisions of this act, the legislature thereby made a radical change in the original provisions of the statute by postponing the institution of judicial proceedings for the determination of the public necessity for making the improvement and the assessment of damages by a jury. The other amendments to this act are of minor importance, except as they were made in section 11 for the purpose of making it conform with the two amendments which have just been stated, and which were passed immediately following the decision of this court in *City of Detroit* v. *Railway, supra,* apparently because of the construction given the statute in the opinion. This statute is a remedial one, devised for the purpose of permitting municipalities to take proceedings to separate grades between highways and railroads and to provide for a determination by judicial proceedings of the public necessity for the improvement, and damages caused thereby to the class of persons fixed by its terms as entitled to compensation.

Both before and since these amendments were enacted the statute has been before this court for construction, to determine who would be entitled to damages, and the

tuted on any such resolution said agreement shall be conclusive evidence of the amount of compensation to be awarded to said railroad company or companies, and no benefits shall be assessed against any railroad company that is a party to such agreement.

(4239) SEC. 11. Said prosecuting attorney or city attorney, as the case may be, shall *forthwith* prepare and file in the name of the county, township, or city in the court having jurisdiction of the proceedings, a petition signed by him in his official character, and duly verified by him, to which petition a certified copy of the resolution, or certificate of the representative board or officer referred to in section three, or of the report of said railroad and street crossing board, as the case may be, shall be annexed, which certified copy shall be *prima facie* evidence of the action taken by said board or officer and of the proceedings prior thereto and of the regularity thereof. The petition shall state that it is made and filed as commencement of judicial proceedings by the county, township, or city, as the case may be, in pursuance of this act for the purpose of separating the grades of the street or highway (amendment) and railroad or railroads at their intersection, designated by any proper descriptive words, in accordance with the plan set forth in said resolution, certificate or report, as the case may be, referring thereto, and for making just compensation to all persons sustain-

rules to be applied as to the measure of damages suffered. *City of Detroit* v. *Railway, supra,* and cases cited. Later it was contended that proceedings under it were, in fact, the exercise of the right of eminent domain, and that its provisions were not in consonance with the constitutional provisions relative to the exercise of such power. It has been decided by this court and in other jurisdictions that the proceedings under this and similar statutes did not amount to a "taking" of the property of owners abutting upon the improvement or of those injuriously affected thereby. *City of Detroit* v. *Railway,* 163 Mich. 229 (128 N. W. 250), and cases cited. By reason of the previous decisions of this court, above cited, supported by authorities collated therein, the constitutionality of this law is no longer open to question. Therefore, in discussing plaintiffs' contention in the instant case, it will be necessary to determine only whether its plain requirements necessary to give jurisdiction to the proper court to take proceedings under it to determine the public necessity and the damages caused by reason of the separation of grades have been followed. A remedial statute is entitled to a construction favorable to upholding the rem-

ing damage thereby, shall give a description of the property abutting on that part of said street or highway of which the grade is to be *changed,* also a statement of the manner in which said property and any street railroad line on said street or highway will be affected by such change, and to what extent, and shall state that said representative board or officer or said railroad and street crossing board, as the case may be, has declared it necessary for the public benefit to make said separation of grades in accordance with the plan set forth in said resolution or certificate or in said report, as the case may be, shall contain the names of the railroad companies and street railroad companies to be affected by the proposed change, and of all persons interested as mortgagees, lessees or otherwise in the property of such companies, of the owners and others interested in the property, abutting on that portion of said street or highway of which the grade is to be *changed* so far as the same can be ascertained, including those in possession of the premises, and in cases where the crossing is of a class embraced in clause (e) or (f) of section one of this act, the name of the city, or of the county or counties, township or townships interested, other than the county or township in whose name the proceedings are taken, as the case may be. If the name of any person interested in any of the abut-

edy granted, when it may be found fairly within its terms.

The provision relied upon by plaintiffs, which requires a resolution of necessity to be passed by the authorities of the municipality, is contained in section 3, and reads:

"Such council * * * may pass a resolution * * * declaring it necessary for the public benefit to make such separation of grades in accordance with the plan prescribed by said agreement, which resolution * * * shall have attached thereto, as a part thereof, a copy of the said agreement."

This is the section which remains as originally enacted. Considered in connection with the statute as it read before any amendments were enacted, it was in harmony with the clearly expressed legislative intent that judicial proceedings should be had and the public necessity and damages determined before any work to carry out the plan of separation of grades could be commenced. It provided that the resolution, plans, etc., should be filed with the city attorney or other officer, who was required to forthwith prepare and file the city's petition, and institute judicial proceedings. It was within the legislative intent, explicitly expressed in the statute, that this resolution of necessity

---

ting property is unknown, the petition shall state the fact and the interest owned by such person or persons. All persons, corporations and bodies politic and corporate, so named in said petition shall be made parties respondent in said petition. Said petition shall ask that a jury be summoned and empaneled to ascertain and *determine whether it is necessary for the public benefit to make such separation of grades in accordance with said proposed plan* and to ascertain and determine the just compensation to be made to street railroad companies, if any, and to the persons interested in said abutting property. And to assess the compensation, cost and expense by them awarded against the city and county or counties, township or townships, company or companies, as the case may be, that are parties to the proceedings, as provided by law. Upon receiving such petition, it shall be the duty of the clerk of said court to issue a summons against the respondents named in said petition, stating briefly the object of said petition and commanding them in the name of the people of the State of Michigan to appear before said court at a time and place to be named in said summons not less than twenty nor more than forty days from the date of the same, and show cause, if any they have, why the prayer of said petition should not be granted (amendment: added paragraph).

and commencement of proceedings to determine the necessity of making a change of grades and the fixing of damages were all prerequisites to any proceedings taken to prosecute the work under the agreement provided for by the statute. This is not only the intimation of this court in the case above cited, but is expressly so held. *City of Detroit* v. *Railway, supra* [156 Mich. 106 (120 N. W. 600)]. The radical change made in this statute by these amendments, providing that the work might be completed, and extending the time for filing the petition for one year thereafter, removed all necessity for such expedition. In our opinion the provision that the resolution of necessity should be filed with the proper officer, with a copy of the agreement attached thereto, continues to be a prerequisite to the institution of judicial proceedings; but it must be construed in connection with all of the provisions of the statute, as amended.

Plaintiffs' strongest argument in favor of their construction is that because section 3, which contains the provision relative to the resolution of necessity, was not amended, and the act as amended requires the corporation counsel to attach to his petition a certified copy of this resolution, and that the petition should recite that it is filed in accordance with the plan set forth in said resolution, it becomes apparent that the legislative intent, by these repeated references to section 3, was to leave that section intact, and that only the filing of the petition and the proceedings subsequent thereto could be delayed for one year after the work was completed.

We do not agree with this contention for the reason that it is apparent that the immediate passage of the resolution of necessity is no longer required, and the provision relative to this resolution was not amended for the reason that it did not require amendment to adapt it to the changes in the statute.

These are not proceedings against abutting owners, strictly speaking, but the legislature has given power and authority to the municipality under the statute to separate

highway and railroad grades, and such proceedings are not the exercise of the right of eminent domain; the State having already complete control over its public highways. *City of Detroit* v. *Railway*, 163 Mich., at page 234 *et seq.* (128 N. W. 250), and cases cited; *Harper* v. *City of Detroit*, 110 Mich. 427 (68 N. W. 265). The provision made by the legislature for judicial proceedings to determine the public necessity for making the improvement and appraising any damages caused by said change of grade accruing to abutting owners and others in the class designated furnishes the machinery for the exercise of the powers given, an adequate remedy, and a forum in which to determine the rights of all parties injured.

Plaintiffs cite decisions of this court in support of their contention that the resolution should have been passed before any work was done upon the separation of these grades. We do not think that these authorities are in point in the instant case for the reason that in those cases, in construing charters and statutes where the exercise of the right of eminent domain or the levy of taxes was involved, certain action by the authorities is held to be necessary as a condition precedent, while in the instant case the resolution of necessity was not the initial proceeding, as it could not be passed until after the agreement had been entered into with the railroad, providing for the separation of grades, and the part of the expenses thereof to be sustained by each had been agreed upon, and no exercise of the right of eminent domain is involved, nor the question of taking property without due process of law.

The damages awarded in this case are consequential, for which the legislature has provided a remedy. *City of Detroit* v. *Railway, supra* [163 Mich. 229 (128 N. W. 250)]. And further, this resolution is not a determination by the common council of the public necessity for the improvement. It is a declaration by the common council which is provided for by statute to be served upon the law officer of the municipality as a preliminary to the institution of judicial proceedings to have such necessity de-

termined by a jury, and the requirement of the statute in that regard will be seasonably complied with if such resolution is passed and filed with the proper officer in time for the filing of the petition under the statute as amended.

It will not be necessary to discuss the remaining contention of plaintiffs that the resolution of necessity was not seasonably recorded. This record shows that these plaintiffs had notice of these judicial proceedings instituted by the city of Detroit under the statute, by service of process upon them therein, before this suit was begun. It follows that they cannot raise that question.

Our conclusion is that the proceedings on the part of the city in the suit commenced in the recorder's court of the city of Detroit by petition, asking that a jury be summoned and impaneled to ascertain and determine the public necessity of said improvement, and to ascertain and determine the just compensation to be paid to the persons entitled thereto for damages caused by such separation of grades, were a substantial compliance with the requirements of said act and conferred upon said court jurisdiction to hear and determine the same; that the trial court erred in holding that the proceedings taken by the common council of the city of Detroit in the matter of the separation of this grade were irregular and void, and in overruling the motion of defendant to direct a verdict in its favor, for the reason that such court had no jurisdiction of the case.

The judgment of the circuit court is reversed, and no new trial will be granted. Proceedings are pending before a court of competent jurisdiction, in a forum and by virtue of a remedy provided by the statute, and plaintiffs may have all claims, if any they have, for damages caused by such grade separation adjudicated and determined according to the provisions of the statute.

STEERE, C. J., and MOORE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.