GEORGE W. FAIRFIELD AND JOSEPHINE FAIRFIELD v. THERON W. BARBOUR AND JULIA A. BARBOUR.

*Specific performance.—Character of possession.*

A man and his wife filed a bill against the wife's father for the specific performance of an alleged oral agreement by him to convey them the premises on which they lived when the dwelling house thereon should be ready for occupancy. The father claimed that complainants held as tenants merely. *Held* that the fact that taxes were assessed against the father was not conclusive evidence against complainants, and that the payment of such taxes by the son-in-law was a significant fact in their favor.

Appeal from Mecosta. (Judkins, J.) April 25.—June 20.

SPECIFIC PERFORMANCE.    Defendant appeals.    Affirmed.

*M. Brown* for complainants.

*Frank Dumon* for defendants.

SHERWOOD, J.   The bill in this case is filed to compel a conveyance by defendants to the complainant, Josephine Fairfield, of lots Nos. two (2) and three (3) in block No. twenty-three (23) in Warren & Bronson's third subdivision to the city of Big Rapids, in specific performance of an alleged parol agreement.

The agreement, as stated in the bill on which complainants ask relief, was made in the fore part of the month of September, 1876.   The complainant, Josephine Fairfield, is the wife of George W. Fairfield, her co-complainant, and daughter of Theron W. Barbour, one of the defendants. The parties all lived in the city of Big Rapids, where they still reside.

The bill states that on the first day of September, 1876, the defendant, Theron W. Barbour, owned in fee-simple the lots in question; and that, between the first and twenty-third days of said month, it was verbally agreed between the complainant, George W. Fairfield, and defendant, Theron W. Barbour, that said Barbour would assist said Fairfield to build a dwelling-house upon the said premises of said Barbour, above described, for a home for complainants and their family; and that said Fairfield should manage so that the building of said dwelling-house should cost said Barbour as little money as possible; and that, when said dwelling-house should be ready to be occupied, the said Barbour would convey, in fee simple, said premises to said Josephine Fairfield,—his daughter, and wife of said George,—for a home for complainants and their family.

There is no dispute between the parties that a parol agreement for the building of a house on the lots in question, to be occupied by complainants was made at the time,

as stated; but defendants deny that it was agreed that said Barbour would convey said house and lots to said Josephine Fairfield, when it should be ready for occupancy, or at any other time, and aver that the agreement alleged by the complainants was without consideration to support it. The defendants aver that the agreement was a family arrangement entered into by said Theron W. Barbour, whereby his daughter Josephine might have a home, so long as complainants should live in said house, without rent, except as the labor of her husband, George W. Fairfield, upon said premises should be considered rent.

The bill avers that Theron W. Barbour, the defendant, pursuant to said agreement, did assist complainant, in accordance with the terms thereof, to build said dwelling-house upon said premises; that said complainant, relying upon the performance of said agreement by said defendant pursuant to the terms thereof, built said dwelling-house upon said premises, superintended the entire building thereof, and did a large portion of the work himself; that he cleared the ground from rubbish, logs and stumps which incumbered it,—graded its uneven surface,—set out shade and ornamental trees, fruit-trees, grape-vines, and built fences and a stone walk in front of the premises; that late in the fall of 1876 complainants moved into the dwelling-house, then in an unfinished condition, and finished and have occupied the same up to the present time.

The proofs in the case were taken in open court, and they substantially support all these averments. The only material controversy between the parties is whether complainants did the work upon the dwelling-house, made the improvements upon the lots, and hold possession of the premises under an agreement to occupy as owners or as tenants.

The contract, as stated by the complainants, is in terms sufficiently clear and specific to leave no doubt respecting the intention of the parties. The testimony of complainants and of their witnesses harmonizes with the contract as claimed,—that it was an agreement to convey the title to

Josephine Fairfield as a home. Whether this construction shall prevail against the defendants' denial, is a question of preponderance of proof.

On the 28th day of May, 1881, the defendant Theron W. Barbour conveyed the premises in question to his daughter Julia A. Barbour, co-defendant in this suit.

Upon a careful examination of the proofs in the case we are forced to the conclusion that, as 'testified by the complainants, the contract between the parties was, as alleged in the bill of complaint, a contract to convey a title. Several witnesses corroborate the complainants in their version of the contract. T. D. Stimpson testifies to a conversation with Theron W. Barbour, in front of Barbour's house, while this house was being built in 1876. Witness was building a house for his son, and Barbour remarked that he thought witness was building a pretty good house. Then pointing across the road to where complainant was at work, as witness thinks, about a fence or about the front yard of his house, he said : " ' I told George that if he would go on and do the work I would furnish the material and give the lot, and let him have that house, and let him have that place over there.' Don't remember whether he was going to give it to Mrs. Fairfield or to Mr. Fairfield." Levi J. Osborn testifies to selling defendant Barbour some fruit trees, and to his wanting witness to go over to George's (complainant's) to see how many trees they ought to have on this lot. Said he had given his daughter this lot ; that it cost him over $600 ; besides, had given her this property, and he thought that was doing pretty well, etc. To Theodore Kimball, Stephen W. Bronson, E. S. Rodman, B. F. Brazee, S. B. Bestor, George W. Crawford, and H. F. Burch, respectively, he said, in substance, that the house which he was helping to build and lot were to be his daughter's, Josephine Fairfield's, when the house was completed.

As against the effect of this testimony, as corroborative of the claim and showing of complainants, the defendants urge that it does not support such a contract as complainants set out in their bill of complaint. We think otherwise. There

is no force in this objection. The testimony shows the purpose of defendant Barbour with reference to the identical house and lot in question, and to the carrying out of a previous understanding with George W. Fairfield to convey the same for a home for his daughter Josephine. True, the defendants both deny that the agreement concerning the premises was that Josephine Fairfield should own them, and have a deed of conveyance from the defendant, her father; but as this defendant, his attention being directed to these, his alleged admissions, does not deny that to every one of the witnesses, nine of them, he made the statement imputed to him, his denial does not impress us with much force.

Nor is the testimony of several of defendants' witnesses relative to statements made at different times by complainants, respecting the tenure of their occupancy, necessarily to be construed as an admission against themselves that they were not in possession under a contract to convey. Statements like many of those attributed to complainants would not necessarily be inconsistent with an equitable right on their part to a specific performance; but, hopeless of defendant voluntarily performing his contract, and considering whether other methods,—even a compromise by purchase on the terms suggested, as a means of saving something, rather than lose all,—would not be preferable to litigation with defendant, considerations like these might well have influenced complainants to such expressions as imputed in the testimony referred to, while not implying an admission against the claim of equitable ownership.

It is not to count against complainants that the premises were assessed during these years to defendant, Theron W. Barbour, he holding the legal title, and a resident living near the premises; while the payment of the taxes by George W. Fairfield for these years, if he did pay them, as we think he did, is a fact of much significance bearing upon the character of his possession. The inference to be drawn from the fact is a strong one that all parties understood that

the owners of the land should pay the taxes and bear the burdens charged upon it.

There is no question in the case that the consideration for the conveyance, as alleged in the agreement stated in the bill of complaint, has been fully performed by George W. Fairfield, and that he has, since entering into possession, made further permanent improvements of value thereon. That he paid the consideration and made these improvements in reliance upon it as payment upon and improvement of his wife's property, is also unquestioned. Moreover, complainants' possession and their making these improvements were known to the defendant, Julia A. Barbour, when her father conveyed to her these premises, and she was present at the making of the agreement. She is, therefore, chargeable with notice of the nature of complainants' possession and claim.

The decree of the circuit court is affirmed with costs.

The other Justices concurred.