GEORGE RUSSELL v. JOHN RUSSELL AND HARRIET RUSSELL.

*Specific performance.*

A father and mother agreed orally with their son that if he would return home, and build a house and settle down upon 40 acres of land owned by the father, they would convey the land to him. And it is held that equity will enforce such an agreement if clearly established by the testimony, and the son has actually entered upon the occupancy of the land, and performed on his part; citing *Welch v. Whelpley,* 62 Mich. 15.

Appeal from Newaygo. (Palmer, J.) Argued October 27, 1892. Decided December 22, 1892.

Bill to compel the specific performance of an oral agreement for the conveyance of land. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Dumon & Cogger,* for complainant.

*F. A. Mann,* for defendants.

MONTGOMERY, J. The bill in this case was filed to obtain the specific performance of an oral agreement claimed to have been made by the defendants, who are father and mother of complainant, whereby they agreed, in substance, that if the complainant, who was at the time residing in Canada, would return and build a house upon, and settle down upon, the 40 acres of land in question, the defendants would convey to him the land. The complainant was the owner of a wild 40 near by. The defendant John Russell owned 160 acres, the 40 in question being across the road from the main portion of his land, and opposite his dwelling-house.

The questions involved are questions of fact. It was

determined in *Welch v. Whelpley*, 62 Mich. 15, that such a contract as this, if clearly established by the testimony, and the complainant had actually entered into the occupancy of the land, and performed on his part, would be enforced in equity.    In the present case the testimony is conflicting.    The complainant and his wife both testified that such an agreement was made on the part of defendants. The defendants deny having made the arrangement, but claim that complainant was permitted to build the house upon the premises, and live there without rent so long as he desired.

We are convinced that the complainant has established his case by a preponderance of testimony.    It appears from the testimony that the value of the 40 was inconsiderable, —the testimony showing, about $300; that the complainant entered upon the land, and in fact built a house worth $600 or $700, and began clearing and improving the land. The defendants admitted in their testimony that there was a talk about complainant having a deed of the land.    Mrs. Russell testified:

" One evening George and I were sitting in the kitchen, and he said, ' Mother, I want a deed of that 40 across the road before I begin to build a house.'    I said I had not got a deed of it.    He said, ' Well, it's yours, any way.'    I said if he had a deed some one would get it away from him,—Mr. Bullman or some one else."

She further testified:

" One evening, afterwards, I had a conversation with George, after my husband and Jimmy had gone to bed. George said:  ' Mother, I want a deed of that 40.    I don't want to go on and build and clear up some on it without a deed, because you could turn me off, if you had a mind to, without anything.'    I made answer that he could go on and build, and he would not be turned off without anything.    I said, ' It may be yours some time.'    I think that was all that was said at that time.

" *Q.* Whether at this time he had commenced getting any material to build the house?

"*A*. I think he had commenced getting the material."

Complainant testified that, in addition to the assurances that he would not be turned off without anything, both defendants assured him that he should have a deed.

Defendant John Russell testified, in answer to the question:

"Do you know anything about why he came to build a house on the 40 across the road from your house, instead of building it on his own 40?

"*A*. All the reason I know is, I suppose he had rather live there. He never said anything to me about it."

It is incredible that the defendants should not have both understood that complainant was building this house in the expectation that the property was to become his. Indeed, the testimony of Mrs. Russell shows this, and at the same time shows that her husband is not altogether frank in his statements. The probabilties are all with the complainant. It is unlikely that he would have gone to the expense of building a dwelling upon the land, which was considerably in excess of the value of the bare land, if there had been no agreement that he should have the conveyance. This view is strengthened by the fact that the testimony of defendants, as well as of complainant, shows that he was awake to the importance of having his rights evidenced by a written conveyance.

The decree will be affirmed, with costs.

The other Justices concurred.