PIKE *v.* PIKE.

STATUTE OF FRAUDS — PAROL AGREEMENT RELATING TO LAND —
PART PERFORMANCE.

A parol agreement by parents to deed their farm to their son if
he would surrender his lease of a farm on which he was living,
and come to live with them, is taken out of the statute of
frauds by his accepting the offer, surrendering his lease, and
moving onto the farm with the parents.

Appeal from Kalamazoo; Buck, J. Submitted June
22, 1899. Decided September 12, 1899.

Bill by William D. Pike against Jefferson Pike for the
specific performance of a contract to convey real estate.
From a decree for complainant, defendant appeals.
Affirmed.

*Jesse R. Cropsey* and *Boudeman & Adams,* for com-
plainant.

*Alfred S. Frost,* for defendant.

MOORE, J. Defendant has appealed from a decree in
chancery requiring the specific performance of a contract
which the complainant claims was made between himself
and his mother, now deceased, and the defendant, who is
complainant's father. It is the claim of the complainant
that he was the only son living of his parents; that he was
working a farm about 1½ miles from them, for which he
had a lease for a term of years; that his only living sister,
who was childless, and her husband, were living with his
father and mother upon 40 acres of land, the title of which
was in the mother. His claim is that, upon the death of
his sister, his father and mother were anxious he should
surrender his leased farm, and come to live upon the farm
owned by his mother, who agreed, if he would do so, she

would deed the farm, subject to a life estate in herself and husband, to him. He avers he accepted the offer, surrendered his lease, and moved upon the farm, and, with his wife, cared for his mother as long as she lived, and was ready to care for his father as long as he lived. He further claimed that his mother sent his father to a conveyancer to have a deed drawn to carry out the agreement; that, instead of having such a deed drawn, the father had it drawn to himself; that the mother demurred to executing such a deed, but was informed a deed directly to the son would be invalid, but that the father could execute such a deed, which would be a valid deed, and would do so; that the mother, believing this statement to be true, signed the deed which was presented to her, and the husband afterwards caused a deed to the son to be executed, reserving to himself a life estate. He alleges that after the death of the mother, and for the purpose of avoiding the agreement made between the son and the mother and between all three of the parties, the defendant caused the deed to the son to be destroyed, and asserted his right and intention to sell the farm, and do what he pleased with the proceeds. The defendant denies that the agreement was as stated by the complainant, and, while he admits he made a deed to the son, he avers that it was because he was his only child, and he desired him to have the land after his death, but the son and his wife had so ill-treated him he had changed his mind. He asserts that, while the title to the land was in the wife, she made a deed of it to him, because he furnished the money which bought it, and that it equitably belonged to him before his wife deeded it to him; that in deeding it to him she simply carried out what she before had agreed to do. The testimony was taken in open court. The circuit judge found that the proof of complainant sustained the allegations of his bill, and made a decree in his favor. It would not profit any one to put into this opinion any considerable portion of the testimony. It is sufficient to say of it that we think the circuit judge came to a proper conclusion as to the effect of it.

It is claimed on the part of the defendant that this was a contract in relation to real estate, and, because not in writing, signed by the parties to be charged, is void. This contention would be true if the contract were an executory one, but, as it has been substantially executed on the part of the complainant, it is taken out of the terms of the statute, and is such a contract as this court has repeatedly enforced. See *Twiss* v. *George*, 33 Mich. 253; *Lamb* v. *Hinman*, 46 Mich. 112; *Fairfield* v. *Barbour*, 51 Mich. 57; *Welch* v. *Whelpley*, 62 Mich. 15 (4 Am. St. Rep. 810); *Taft* v. *Taft*, 73 Mich. 502; *Putnam* v. *Tinkler*, 83 Mich. 628; *Russell* v. *Russell*, 94 Mich. 122; *In re Williams' Estate*, 106 Mich. 502; *Kent Furniture Manfg. Co.* v. *Long*, 111 Mich. 389; *Briggs* v. *Briggs*, 113 Mich. 371.

It is said it would be inequitable and unjust to require specific performance of the contract. We cannot agree with the solicitor in this claim. As before stated, the proofs fully sustain the case as set out in complainant's bill of complaint, and the equities are with him.

Decree is affirmed, with costs.

The other Justices concurred.