RUCH. *v.* RUCH.

1. SPECIFIC PERFORMANCE—STATUTE OF FRAUDS — CONSIDERATION
   OF DEEDS—INNOCENT PURCHASERS.

   An oral contract of a parent not to convey real property
   owned by him, but to permit the land to descend to his heirs,
   in consideration of the executed conveyance by his wife to
   him of other real property, is enforceable in equity against a
   second wife, to whom he deeded the real property without
   consideration, in violation of his parol agreement, of which
   she had notice, relief in equity not being barred by the stat-
   ute of frauds.

2. SAME—PAROL EVIDENCE RULE.

   Parol evidence is, under the established rule in this State, com-
   petent to show the actual consideration for deeds of land
   where the rights of innocent purchasers for a valuable con-
   sideration are not involved.

3. SAME—EVIDENCE—CONTRADICTING DEEDS.

   The expression of one consideration does not exclude proof of
   another and the actual consideration.

4. SAME—MORTGAGES.

   A deed may be shown to have been in fact a mortgage.

Appeal from St. Joseph; Yaple, J. Submitted June
10, 1909. (Docket No. 41.) Decided December 30, 1909.

Bill by Luther N. Ruch and William Ruch against
Emma A. Ruch for the cancellation of a deed and the
specific performance of a contract. From a decree for
complainants, defendant appeals. Affirmed.

*F. W. Knowlen* and *M. L. Howell*, for complainants.
*George H. Arnold* and *H. O. Bliss*, for defendant.

Complainants are the children and sole heirs at law of
Amos A. and Rosealtha Ruch, both deceased. Amos and

Rosealtha were married in 1870. March 22, 1879, Rosealtha bought the W. ½ of the N. E. ¼, sec. 4, town 8 S., range 12 W., containing 80 acres. The consideration was $5,000 which she paid with her own money. April 26, 1889, she conveyed to her husband the south half of the 80 acres, for which he paid no consideration. Rosealtha died intestate April 25, 1900. The buildings were located on the north half of said land, and there Amos and Rosealtha lived until her death. On May 5, 1900, the complainants, by deed duly executed, conveyed to their father a life estate of said north half; the consideration expressed in the deed being $1 and love and affection. On April 9, 1903, he married the defendant. They lived upon, and received the entire use and benefit of, these 80 acres until his death, April 12, 1905. Seven days before he died he executed to the defendant a deed of the south half and a bill of sale of all his personal property. Complainants claim that the real consideration for the deed of the life estate was an agreement on the part of their father that upon his death the south 40 should be left to them. The bill sets forth the alleged agreement; charges defendant with knowledge of its existence at the time of her marriage; and prays that the deed to her be canceled, that the verbal contract be declared valid, and that the title to said land be vested in complainants. The case was heard upon pleadings and proofs taken in open court, except two depositions which were taken by stipulation. The court entered a decree for the complainants.

GRANT, J. (*after stating the facts*). The court found that Mr. Ruch's first wife purchased the 80 acres with her own money; that the deed by her to her husband of the south 40 was without consideration; that the deed of the life estate was made upon consideration that their father would, upon his death, leave it to them; that defendant before her marriage had knowledge of that contract; that the deed and bill of sale by Amos to the de-

fendant were without consideration, and were received by her with full knowledge and notice of the contract between complainants and their father. The sole question of law raised in the case is whether the testimony of the wives of the complainants is admissible under the statute (section 10212, 3 Comp. Laws), as construed in *Laird* v. *Laird*, 115 Mich. 352 (73 N. W. 382). We need not determine this question, as it is not essential to the decision of the case.

Several disinterested witnesses testified that Amos Ruch told them that he had made such a contract with his sons. It is unnecessary to cite authorities to the proposition that parol contracts for the sale and conveyance of land, executed by one of the parties thereto, can be enforced against the other. In such cases two questions are always raised: (1) Was such a contract made? and (2) Did one party thereto execute it? In this case there is only one question, viz., Was the contract made? Or, stated otherwise, was the consideration for the deed of the life estate an agreement to leave the land to the complainants at his death? No conveyance by the father during his lifetime was essential. The agreement in substance was that he would not dispose of it, but would let the title remain in him, to go to them upon his death as his heirs at law. There are no superior equities on the part of the defendant appealing to the conscience of the court. The defendant had a farm of 80 acres near the land in question, and money in bank. She lived with her husband but two years. She was the sole witness in her own behalf. The learned circuit judge, who saw the witnesses, evidently believed the witnesses for the complainants. The evidence is ample to sustain the finding. A résumé of the testimony of the witnesses would be lengthy, and would furnish no precedent of particular value. The case is one purely of fact, and falls expressly within the principles of *Briggs* v. *Briggs*, 113 Mich. 371 (71 N. W. 632); *Pike* v. *Pike*, 121 Mich. 170

(80 N. W. 5, 80 Am. St. Rep. 488); *Kleinow* v. *Kleinow,* 126 Mich. 365 (85 N. W. 1134).

The decree is affirmed, with costs.

After writing the above opinion, the question was raised at one of the consultations of the Justices, whether the case did not fall within the statute of frauds. We thereupon requested counsel for the respective parties to file briefs upon this point, and they have done so. The case was submitted to the court below upon the theory of the bill of complaint. The question of the statute of frauds was not presented to the court below, nor in the brief or oral arguments of counsel to this court. It appears from the certificate of the circuit judge that the case was settled under the statute, and that the record contains "all the evidence and exhibits produced on the trial in said cause which are necessary to a correct decision of said cause in the Supreme Court." The case was not settled with any view of raising the statute of frauds. Under this condition of the case, I was of the opinion that the question of the statute of frauds was not properly in the case, and should not now be considered, but that the case should be determined upon the record deliberately made by the parties and submitted to both the trial and appellate courts. My Brethren, however, who sat in the case, were of the opinion that we should dispose of this question, and I accede to their opinion.

Parol evidence is, under the established rule in this State, competent to show the actual consideration for deeds of land where the rights of innocent purchasers for a valuable consideration are not involved. *Ford* v. *Savage,* 111 Mich. 144 (69 N. W. 240); *Scovel* v. *City of Detroit, ante,* 95 (123 N. W. 569), and authorities there cited. The expression of one consideration does not exclude proof of another, and the real, consideration. *Carmichael* v. *Carmichael,* 72 Mich 76 (40 N. W. 173, 1 L. R. A. 596, 16 Am. St. Rep. 528). A deed absolute upon its face may be shown in fact to be a mortgage. In *Carmich-*

*ael* v. *Carmichael,* the contract relied upon rested partly in writing and partly in parol. Contracts for the conveyance of land, though resting entirely in parol, have been repeatedly held by this court and others not to be within the statute of frauds where one party has executed the parol contract in whole or in part.

While, strictly speaking, the contract in the instant case was not a contract for sale, but a contract not to sell and convey, in construing it, we may apply the same rule as would be applied to a contract to sell. Briefly stated, the contract between the complainants and their father was that they would deed to him a life estate in the land they owned, provided he would agree not to convey the land which he owned, so that at his death the land would descend to them as his heirs. That contract was carried out on their part by the deed. He conveyed his land, in violation of the agreement, to one who knew of the existence of the parol contract, and who paid nothing for her deed. The statute of frauds cannot be invoked as a shield to protect such a fraud. The arms of equity are sufficiently long to reach such a case. *McClure* v. *Otrich,* 118 Ill. 320 (8 N. E. 784). Where a wife released her right of dower and homestead right by a deed under a parol agreement to convey to her another piece of land, the parol agreement was enforced. *Farwell* v. *Johnston,* 34 Mich. 342.

"When a verbal contract is performed by the conveyance of land on the one part, there can be no difficulty in compelling the equivalent from the other contracting party." *Holland* v. *Hoyt,* 14 Mich. 238.

Where a mother, the administratrix of her deceased husband's estate, obtained from some of her children a conveyance of all their interest in the estate, and orally agreed that in consideration thereof she would enjoy the estate for her life, and would leave it at her death to her children, and would make a will dividing it equally between them, and she did not carry out her agreement, but conveyed the estate in opposition thereto, the parol

contract was enforced. *Stewart* v. *Smith,* 6 Cal. App. 152 (91 Pac. 667).

We therefore conclude and hold that the statute of frauds has no application to this case, and the decree of the court below must be affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.