### HOWE v. BENEDICT.

SPECIFIC PERFORMANCE—ESTATES OF DECEDENTS—EVIDENCE.

Complainant and his family who resided in Texas came to Michigan in reliance on the promise of his stepmother to give him her farm at her death, in consideration of his caring for her and running the farm. During ten years and upwards complainant carried out the arrangement, evidenced by letters and other competent proof. Decedent made a will in pursuance of the conditions of the agreement, but it was not found at her death. By a prior will, which was probated, deceased left a life estate in the farm to complainant. There was evidence of a substantial performance of the contract. At the time of her death, decedent was 86 years of age. *Held*, that the contract should be specifically enforced.

Appeal from Ionia; Davis, J. Submitted June 5, 1913. (Docket No. 36.) Decided July 18, 1913.

Bill by Martin L. Howe against Alfred Benedict and others for specific performance of a contract of Rhoda A. Howe, deceased. From a decree for complainant, defendants appeal. Affirmed.

*R. A. Hawley*, for complainant.

*F. C. Miller, James Scully*, and *Fred L. Warner*, for defendants.

BROOKE, J.  The bill of complaint in this cause is filed for the purpose of compelling specific performance of a contract alleged to have been entered into between complainant and one Rhoda A. Howe.  It appears that complainant was a stepson of said Rhoda A. Howe (now deceased).  Her son, Ernest C. Howe, a half-brother of complainant, inherited from his father 40 acres of the land in question.  To this farm he added by purchase until, at his death in 1897, he owned 95 acres.  Dying intestate, Ernest's sole heir was his mother, Rhoda.  She made a lease of the farm for three years to Alfred Benedict, a son of her only brother.  This lease expired March 1, 1900.  At this time Rhoda was 76 years old.  She had made a will in 1897 by the terms of which all her estate, both real and personal, was devised and bequeathed to complainant and his wife, Leona, so long as either of them should live, with remainder over to her brother, Leander A. Benedict, if living, and if not, then to his heirs.

Prior to the fall of 1899 complainant had lived many years in Texas, where, with his wife and family, he was engaged in farming.  During the summer and fall of 1899 Rhoda A. Howe wrote many letters to complainant urging him to come North with his family and undertake the management of the farm and the care of herself.  In these letters she repeatedly promised that in case he would come he should have the farm at her death, and in one dated June 22, 1899, she said:

"I have arranged so after I am gone the place will be yours.  It is a good home, and I want you to have it."

Again, under date of July 26, 1899, she said:

"I hope I may live to see you here and settled; it is all I have to live for.  I have done all I could to make it all right with you."

Aside from these letters there is an abundance of evidence of a contract between Rhoda A. Howe and complainant to the effect that if he would move onto the farm and care for her during the remainder of her life he should have the farm. It is established, too, that some time in the year 1899 she actually made a will, leaving her entire estate unconditionally to complainant. This will was not found at her death, but the earlier one of 1897 was found and was admitted to probate.

Relying upon the contract, complainant came North in the fall of 1899 and went upon the place in the spring of 1900; his family following him shortly thereafter. Rhoda A. Howe lived until September 23, 1910. At the time of her death she was upwards of 86 years of age, and for more than 10 years had been the beneficiary of the contract she had made with complainant. The record contains no evidence tending to show that during all these years complainant failed in his duty, under his contract, towards this very old lady, who at times was somewhat unreasonable and hard to get along with.

There is no doubt, as insisted by appellants, that contracts of this nature must be established by competent evidence. *Kimball* v. *Batley,* 174 Mich. 544 (140 N. W. 915).

Complainant in the case at bar has shown with unusual clarity the contract, its acceptance and performance by himself, and the enjoyment of its beneficial provisions by the deceased during a long series of years. Under such circumstances equity demands its specific performance. *Root* v. *Snyder,* 161 Mich. 200, 213 (126 N. W. 206), and cases cited.

The decree is affirmed, with costs.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.