PRESTON v. PRESTON.

1. HUSBAND AND WIFE—WITNESSES—REFORMATION OF INSTRUMENTS —DEEDS—STATUTES.

> On a bill by a daughter against her father to reform a deed conveying an estate by the entireties to himself and wife to conform to an oral contract between the parents whereby they agreed that, on condition the mother release her dower and homestead rights in a farm, the deed to the premises to be received therefor should convey to them a life estate with remainder over to the daughter, *held*, that the situation presented rendered inapplicable the provisions of 3 Comp. Laws 1915, § 12555, providing that a wife shall not be examined as a witness for or against her husband without his consent, and that the testimony of the daughter and others as to the conversation between the husband and wife, the latter being dead at the time of the hearing, was properly received to establish the contract.

2. FRAUDS, STATUTE OF—PAROL CONTRACT—PERFORMANCE.

> An oral contract between a father and mother whereby the latter released her dower and homestead rights in a farm on condition that the deed to lands to be received therefor should convey the title to the daughter subject to a life estate in the parents, having been performed by the mother, the statute of frauds has no application in an equitable proceeding to enforce the contract.

3. CONTRACTS—PARTIES—RIGHT OF THIRD PARTY TO MAINTAIN SUIT —STATUTES.

> Under 3 Comp. Laws 1915, § 12361, providing that "in all equitable actions, persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs," a daughter, in whose interest a contract between the father and mother was made, could maintain an equitable proceeding against the father to enforce the contract, although plaintiff was not a party thereto. OSTRANDER and STONE, JJ., dissenting.[1]

4. EQUITY—REFORMATION OF INSTRUMENTS — DEEDS — MISTAKE — VOLUNTARY CONVEYANCE—CONSIDERATION.

> The rule that "a court of equity will refuse its aid to

---

[1]See notes in 25 L. R. A. 257; 2 L. R. A. (N. S.) 783.

rectify a mistake in a conveyance that is voluntary and without consideration unless all of the parties consent," has no application in proceedings to reform a deed to comply with a contract, whereby the mother released her dower and homestead rights in a farm on condition that the deed in question convey land to the daughter subject to a life estate in the parents.

Appeal from Newaygo; Barton, J. Submitted January 29, 1919. (Docket No. 48.) Decided May 29, 1919., Opinion on rehearing, 207 Mich. 681.

Bill by Nettie Preston against Shinar Preston and others for the reformation of a deed. From a decree for plaintiff, defendants appeal. Affirmed.

*William J. Branstrom* and *Charles B. Cross*, for plaintiff.

*White & Reber* and *Cogger & Cogger*, for defendants.

KUHN, J. An appeal is taken from the following decree, which sufficiently sets forth facts for a proper understanding of the case here presented to us:

"This cause having come on to be heard upon the pleadings and proofs taken therein, the proofs having been taken in open court as in a suit at law, and having been argued by counsel for the respective parties, and the court having had the same under advisement and having duly considered the same, doth find:

"1st. That Nettie Preston, the complainant, is the daughter of Shinar Preston and Eugenia Preston, now deceased, and that for a great many years the said Nettie Preston has been physically incapacitated to care for herself, due to the loss of her eyesight and other physical ailments.

"2nd. That on or about April first, 1913, the said Shinar Preston and Eugenia Preston made arrangements with their son, Kearney Preston, for the exchange of certain properties, more fully described in the bill of complaint in said cause, and the court doth

find that the said Eugenia Preston, who at that time was the wife of Shinar Preston, and who at that time, because of being such wife, had a dower interest in all the real estate of Shinar Preston, before she would sign a deed conveying to her son, Kearney Preston, real estate owned by her husband, Shinar Preston, demanded of her husband, in consideration of her signing said deed:

"*First*, that she receive $1,000 in cash.

"*Second*, that her daughter, Nettie, receive $1,000 in cash.

"*Third*, that Shinar Preston care for Nettie Preston as long as he live.

"*Fourth*, that the deed conveying lot four (4) of block twelve (12) of the Empire Company's plat of the city of Fremont, Michigan (property to be taken in exchange for real estate sold Kearney Preston by Shinar Preston), from Kearney Preston and wife to Shinar Preston and wife, be fixed in such a way that after the death of Shinar Preston and his wife, Eugenia, the said property would revert to Nettie Preston, or in other words, Shinar Preston and Eugenia Preston to have a life estate, with remainder to Nettie Preston.

"3rd. That before the real estate dealings were concluded between Kearney Preston and his father, Shinar Preston, the said Shinar Preston agreed to and with his said wife, Eugenia Preston, that for and in consideration that she join in executing a deed to certain real estate then owned by Shinar Preston and proposed to be conveyed to Kearney Preston, that he would:

"*First*, give his wife, Eugenia Preston, $1,000.

"*Second*, give his daughter, Nettie, $1,000.

"*Third*, he would support Nettie as long as he lived.

"*Fourth*, that he would have the deed conveying lot four (4) of block twelve (12) of the Empire Company's plat in the city of Fremont, Michigan, from Kearney Preston and wife to Shinar Preston and wife, Eugenia, in such a way that he and Eugenia Preston would take a life estate, jointly, and the remainder over to Nettie Preston.

"4th. That the deeds of conveyance were prepared at the suggestion of the said Shinar Preston, but in-

stead of having the deed of conveyance from Kearney Preston and wife to Shinar Preston made in accordance with the said agreement between Shinar Preston and his wife, Eugenia Preston, the same was made out conveying the property jointly to Shinar Preston and Eugenia Preston as of an estate by the entireties, which was knowingly and fraudulently done on the part of Shinar Preston in direct violation of his agreement with Eugenia Preston, and in fraud of the rights of the complainant, Nettie Preston.

"5th. That after the said deeds of conveyance had been exchanged between Shinar Preston and wife and Kearney Preston and wife, the said Eugenia Preston returned to her home and informed the complainant, Nettie Preston, that the papers, meaning the deeds of conveyance, had been fixed up in accordance with the said agreement between her and Shinar Preston; that the said Shinar Preston also returned to his home and informed his son, Albert Preston, who was then working for him, that the papers, meaning the deeds of conveyance, had been fixed up in accordance with the said agreement between himself and his wife, Eugenia Preston.

"6th. That the said Shinar Preston paid his wife, Eugenia Preston, $1,000, that he paid his daughter, Nettie Preston, $1,000; that he maintained Nettie Preston until shortly after his marriage with his second wife, Hannah V. Preston, since which time the said Nettie Preston has been a charge and care upon others.

"7th. That just prior to the commencement of this suit, the said Shinar Preston, in a conversation with several of his sons, admitted making an agreement such as is herein stated with his wife, Eugenia Preston; that at the time of the dealings between Kearney Preston and Shinar Preston the papers were not fixed up in accordance with the agreement; that he would do as he agreed; that he and his second wife, Hannah V. Preston, were going away on a pleasure trip, and that as soon as they returned, he, the said Shinar Preston, would make the matter right with Nettie Preston.

"8th. That on the day following said conversation the said Shinar Preston procured deeds of conveyance

to be so executed as to apparently vest title in and to lot four (4) of block twelve (12) of the Empire Company's plat in the city of Fremont, Michigan, in the name of Shinar Preston and Hannah V. Preston, husband and wife, as of an estate by the entireties, all of which was done for the purpose of further complicating the situation and defrauding Nettie Preston of her just rights in and to said property.

"9th. That at and prior to the time of the execution of the deeds of conveyance last above mentioned, the said Hannah V. Preston had knowledge of said agreement between the said Shinar Preston and the said Eugenia Preston, and of the rights of said Nettie Preston in and to said property.

"10th. That the equities in this cause are all with the complainant; that the said agreement made between her deceased mother, Eugenia Preston, who was so solicitous for her welfare, and the said defendant, Shinar Preston, should be performed to the letter by the said Shinar Preston.

"Therefore, upon due consideration thereof, and upon motion of William J. Branstrom and Charles B. Cross, attorneys for complainant, it is ordered, adjudged and decreed, and the court now here doth order, adjudge and decree that the deed conveying that parcel of land described as lot four (4) of block twelve (12) of the Empire Company's plat of the city of Fremont, Michigan, from Kearney Preston and wife to Shinar Preston and Eugenia Preston, being recorded in liber 108 of deeds, at page 128, in the office of the register of deeds in and for Newaygo county, Michigan, and all subsequent deeds of conveyance to the same parcel of land wherein the said Shinar Preston is grantor or wherein Shinar Preston and Hannah V. Preston are grantees, either as of an estate by the entireties or otherwise, be and the same hereby are declared null and void.

"It is further ordered, adjudged and decreed that Kearney Preston and wife execute a warranty deed conveying lot four (4) of block twelve (12) of the Empire Company's plat in the city of Fremont, Michigan, to Shinar Preston for and during the rest and remainder of his natural life, with the remainder over to Nettie Preston, forever.

"It is further ordered, adjudged and decreed that the said Shinar Preston make suitable provision for the support and maintenance of Nettie Preston during his lifetime, and that upon his failure to do so, the said Nettie Preston may apply to this court for an order establishing and creating a lien upon the property of said Shinar Preston."

Counsel for the defendants and appellants, Shinar and Hannah Preston, urge that this decree ought to be set aside for the following reasons:

"*First:* That even if this were a proper case for granting reformation on the ground of fraud, there was not sufficient competent evidence of fraud on the part of the defendant Shinar Preston.

"*Second:* That even if there was sufficient competent evidence of fraud on the part of the defendant Shinar Preston to justify the court in decreeing a reformation of an instrument as between the parties thereto, still the plaintiff has no right to relief in this case, because a contract made between two persons for the benefit of another, a stranger to the consideration, will not support any action by the latter, either at law or in equity.

"*Third:* That equity will not reform a deed or other instrument for a volunteer without the consent of all parties thereto."

1. It seems to be the contention of counsel for the appellants that all the testimony which was offered as to the agreement between Shinar Preston and his wife was inadmissible and improper because of section 12555, 3 Comp. Laws 1915, which says that a wife shall not be examined as a witness for or against her husband without his consent, and that if admissions made by the wife to third persons are admitted in evidence through the testimony of such third persons, the effect of the statute could be easily evaded. We are of the opinion that the situation presented by this record does not bring the testimony offered within the scope of this statute. The testimony of the plaintiff

and other witnesses was offered to show the agreement between the father and mother. Plaintiff, who is the real party in interest in the subject-matter of this litigation, in order to sustain her claim was forced to show the contract upon which she relied. Her testimony with reference to the conversation which she overheard on the day that the deeds were made, between her father and mother, seems clearly competent. We think that there was sufficient evidence to show that the contract was made, as claimed by the plaintiff, and that there was a substantial performance of this contract upon the part of the plaintiff, or on the part of the person through whom or by reason of whose act the plaintiff asserts her claim. The case presented is brought from under the statute of frauds, in accordance with the following decisions: *Pike* v. *Pike*, 121 Mich. 170 (80 Am. St. Rep. 488); *Shearer* v. *Gibson*, 123 Mich. 467; *Ruch* v. *Ruch*, 159 Mich. 234; *Friend* v. *Smith*, 191 Mich. 99; *Bromeling* v. *Bromeling*, 202 Mich. 474.

2. In support of the second contention advanced by counsel for appellants, it is broadly contended that the agreement made between two persons for the benefit of a third person, a stranger to the consideration, will not support any action by the latter either at law or in equity, and various decisions of this court on this question are cited and commented upon. In answer to this contention we think it is only necessary to call attention to section 10, chap. 12, Act No. 314, Pub. Acts 1915 (judicature act, 3 Comp. Laws 1915, § 12361), which provides:

"In all equitable actions, all persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause.

Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant."

This section is new, and was enacted since the decisions of this court relied upon by counsel for appellants. The plaintiff, clearly having an interest in the subject of the action and in obtaining the relief demanded, by virtue of this statute properly becomes a plaintiff in this equitable action.

3. In support of the third contention made by counsel for appellants, the case of *Tuthill* v. *Katz*, 174 Mich. 217, is relied upon, where this court said:

"It is a well-established rule that a court of equity will refuse its aid to rectify a mistake in a conveyance that is voluntary and without consideration unless all of the parties consent."

Clearly this rule of law is not applicable to the situation now before us. Eugenia Preston, according to plaintiff's claim, which is substantiated by the evidence, was determined not to release her dower and homestead rights in the farm unless her husband had incorporated in the deed from the son the provision creating a life estate in herself and remainder over in her daughter in the property thereby acquired. Her signing the deed under these circumstances furnished ample consideration for the agreement which is hereby sought to be enforced and takes it from under the rule relied upon.

After a reading of this record we are satisfied that the decree of the court below reaches a most just and equitable result. The decree is affirmed, with costs to the appellee.

BIRD, C. J., and MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred with KUHN, J.

OSTRANDER, J. (*dissenting*). Whatever feeling the

physical condition of plaintiff arouses, the case must nevertheless be determined according to applicable rules of law.

It is a novel idea that a statute, plainly intended to affect procedure only, may be used to change a settled rule of the law of contracts, to confer upon a person a legal right and interest in subject-matter where there was none before the statute was enacted. The idea is not advanced by counsel in the briefs. As mere matter of interpretation, the statute, section 10, chap. 12, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12361), negatives the idea. The words,—

"All persons having an interest in the subject of the action and in obtaining the relief demanded,"

—do not refer to persons having no legal interest in the subject-matter of the action, nor legal interest in obtaining relief. Can any one suppose that the legislature intended by this statute to enact that hereafter, in equity courts, contracts (not creating trusts) made by two persons for the benefit of a third, not a party thereto, and from whom no consideration moved, may now enforce those contracts? The reason why a contract of two persons made for the benefit of a third person cannot be enforced by the third person is not that the third person could not become a party to an action to enforce it, but because the third party is not entitled by the contract itself to demand performance of any duty under it. See *Knights of Modern Maccabees* v. *Sharp*, 163 Mich. 449 (33 L. R. A. [N. S.] 780) ; *Signs* v. *Bush's Estate*, 199 Mich. 192; *Edwards* v. *Thoman*, 187 Mich. 361.

I am impressed that plaintiff is without remedy and that her bill should be dismissed.

STONE, J., concurred with OSTRANDER, J.