### JEDLICK v. BURKE.

1. SPECIFIC PERFORMANCE—ORAL CONTRACT TO RECONVEY LAND—EVIDENCE.

> In suit for specific performance of an alleged oral agreement to reconvey premises occupied by plaintiff and his wife upon his payment of specified portion of mortgage against plaintiff's property as well as defendant's, evidence justified finding of trial court that the agreement was actually made.

2. SAME—POSSESSION—IMPROVEMENTS.

> Possession and improvements may be important matters where specific performance of an oral agreement respecting title of real estate is sought.

3. SAME—ORAL CONTRACTS—PART PERFORMANCE—EQUITY—STATUTES.

> While oral agreements to convey land are void under the statute of frauds, a court of equity has statutory power to grant specific performance of agreements of which there has been part performance and such relief should be granted when, as between the parties, an equitable result will be accomplished (3 Comp. Laws 1929, §§ 13413, 13415).

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 10, 1947. (Docket No. 52, Calendar No. 43,572.) Decided June 27, 1947.

Bill by Ludwig Jedlick against Bessie Burke to establish an oral contract to convey real estate and for specific performance of such contract. Decree for plaintiff. Defendant appeals. Affirmed.

*Oldani & Raubolt* (*James Gibbons,* of counsel), for plaintiff.

---

Effect of part performance, possession and making of improvements on right to specific performance of an oral contract to convey land, see 1 Restatement, Contracts, § 197.

*Ellis & Piklor,* for defendant.

REID, J.  The bill of complaint in this cause was filed for specific performance of a verbal agreement to reconvey lands and for an accounting.  Defendant appeals from a decree in favor of plaintiff.

Plaintiff's wife Elvira Jedlick was made a party defendant to the amended bill.  Her death has been suggested of record.

On August 18, 1937, plaintiff and his wife entered into a land contract for the purchase of the premises in question (then their residence) for $3,353.98, of which $703.98 was paid down and ·the balance, $2,650, was to be paid within one year, with interest at 6 per cent., in monthly payments of not less than $40.  Plaintiff made monthly payments under the terms of the contract but as the end of the year came near, he found himself unable to make the payment of the balance then unpaid on the contract, or to secure a loan to make the payment required, and was in danger of losing his interest in the premises.  The defendant, his mother-in-law, had some property of her own, which was subject to a lien and to some taxes, and it was agreed between plaintiff and his wife and defendant that defendant would take a deed of the premises in question, borrow $3,500 at the bank, and mortgage her own premises and the premises in question as security.

It is plaintiff's claim, denied by defendant, that it was further agreed that defendant was to hold the title to the premises in question as security only and that defendant was to give plaintiff and his wife a land contract by which they were to buy back the premises in question and that plaintiff was to make the payments requisite to redeem the premises from his share of the mortgage debt, $2,401.61,

and that upon plaintiff's completing the payments required to repay his share of the mortgage debt, defendant was to reconvey the property in question to plaintiff and his wife.

Defendant gave a mortgage for $3,500 covering the premises in question and also the property she had owned prior to the arrangements between the parties. From the proceeds of the mortgage the lien and taxes on the property owned by defendant were paid, and, also, the unpaid balance on the land contract to plaintiff and wife. The vendor executed a deed of the premises in question to plaintiff and wife in pursuance of land contract. Plaintiff and wife deeded the premises in question to defendant by warranty deed, September 12, 1938.

Plaintiff claims that he made the payments necessary to pay his share of the mortgage debt during the period, September 15, 1938 to April 14, 1944, except for a relatively small balance which he claims he can make arrangements to pay and thus procure the release of the premises in question. Plaintiff further claims that during the period above indicated after the giving of the mortgage, he was in actual possession of the premises in question and made valuable repairs and improvements thereon, including painting the house outside and inside, putting linoleum in the kitchen and bathroom, putting in cupboards, plumbing, new steps and new porch, which had become rotten, besides improvements each year on the yard.

The mortgagee bank still holds the mortgage for the unpaid mortgage debt, $1,640.23.

The decree appealed from required plaintiff to pay defendant $1,022.81, and required defendant to convey the premises in question to plaintiff by warranty deed.

The real question at issue is whether there existed the agreement to reconvey which plaintiff claims.

The assistant cashier of the mortgagee bank, Tom K. Taylor, testified that when the mortgage was executed, it was said by all the parties that plaintiff was to make the payments on the mortgage until he had paid off the amount that he owed, his part of the obligation. The mortgage department clerk of the same bank testified that plaintiff made nearly all the payments but that his wife may have made a few payments. Plaintiff testified to the making of the agreement on which his claim is founded.

We consider the trial court came to a correct conclusion when it found that the agreement to reconvey was actually made.

Possession and improvements have been found important matters where specific performance of an oral agreement respecting title of real estate is sought.

Some of the cases decided by this Court which establish the general principle on which plaintiff relies, are: *Twiss* v. *George,* 33 Mich. 253; *Lamb* v. *Hinman,* 46 Mich. 112; *Fairfield* v. *Barbour,* 51 Mich. 57; *Welch* v. *Whelpley,* 62 Mich. 15 (4 Am. St. Rep. 810); *Taft* v. *Taft,* 73 Mich. 502; *Russell* v. *Russell,* 94 Mich. 122; *Briggs* v. *Briggs,* 113 Mich. 371; *Pike* v. *Pike,* 121 Mich. 170 (80 Am. St. Rep. 488); *Ruch* v. *Ruch,* 159 Mich. 231; *Howe* v. *Benedict,* 176 Mich. 522; *Hogan* v. *Hogan,* 187 Mich. 278.

As Mr. Justice NORTH, speaking for the Court, said in the recent case of *Boelter* v. *Blake,* 307 Mich. 447, 451:

"In this jurisdiction there are many decisions to the effect that although oral agreements to convey land are void under the statute of frauds above cited (3 Comp. Laws 1929, § 13413 . [Stat. Ann. § 26.908]), yet under the related section of the statute (3 Comp. Laws 1929, § 13415 [Stat. Ann. § 26.910]), a court of equity has the power to grant

specific performance of agreements of which there has been part performance; and such relief should be granted when as between the parties an equitable result will thereby be accomplished. *Willard* v. *Shekell,* 236 Mich. 197.''

The decree appealed from granted specific performance. That decree is affirmed. Costs to plaintiff.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.